THE STATE, EX REL. WILLIAMS, APPELLANT, *v.*
INDUSTRIAL COMMISSION OF OHIO, APPELLEE, ET AL.

[Cite as State, ex rel. Williams, *v.* Indus. Comm. (1984),
11 Ohio St. 3d 240.]

(No. 83-507—Decided June 27, 1984.)

241

242

*Agee, Clymer & Morgan Co., L.P.A.,* and *Mr. Philip J. Fulton,* for appellant.

*Mr. Anthony J. Celebrezze, Jr.,* attorney general, and *Mr. Thomas E. Skilken,* for appellee.

*Per Curiam.* This court has consistently held that the commission's factual findings, when supported by the record, will not be disturbed. *State, ex rel. Allerton,* v. *Indus. Comm.* (1982), 69 Ohio St. 2d 396, 397 [23 O.O.3d 358]; *State, ex rel. G F Business Equip., Inc.,* v. *Indus. Comm.* (1981), 66 Ohio St. 2d 446, 447 [20 O.O.3d 379]. Appellant argues that the record does not support the commission's findings.

In its order, the commission cited the reports of Drs. Brown, Hutchison, Rapier, and Kackley. Dr. Brown opined that appellant was twenty-five percent permanently impaired. His opinion with regard to appellant's employment prospects in light of this percentage of impairment, however, was that appellant was permanently and totally disabled. These conclusions are consistent given the distinction between impairment and disability.

The commission correctly points out, however, that Dr. Brown, in reaching his conclusion, considered an unallowed condition. Appellant contends that the commission implicitly allowed the condition of compression fracture when it accepted the conclusion of Dr. J. Owens (regarding an earlier determination of percent of permanent partial disability) inasmuch as Dr. Owens considered it in reaching his conclusion. In order to accept his conclusion, however, the commission need not necessarily accept each and every one of Dr. Owens' findings. Furthermore, the commission's procedures for the allowance of compensable injuries are well-established. They do not permit implicit recognition as appellant suggests.

Drs. Hutchison and Rapier concluded that appellant was not permanently totally disabled. Dr. Kackley concluded that appellant was not permanently and totally impaired. Although Dr. Kackley spoke in terms of impairment and not disability, "it is apparent that his conclusions were based upon considerations relevant to a determination of disability," *Meeks* v. *Ohio Brass*

*Co.* (1984), 10 Ohio St. 3d 147, 149, inasmuch as he opined that appellant's current award was representative of his level of disability.

The order of the commission was supported by the evidence upon which it relied. Therefore, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and J. P. CELEBREZZE, JJ., concur.