THE STATE, EX REL. JEFFREY MINING MACHINERY DIVISION, DRESSER INDUSTRIES, INC., APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO, APPELLEE.

[Cite as State, ex rel. Jeffrey Mining Machinery Div., Dresser Industries, Inc., *v.* Indus. Comm. (1990), 56 Ohio St. 3d 91.]

(No. 89-2161—Submitted September 25, 1990—Decided December 12, 1990.)

*Vorys, Sater, Seymour & Pease,*
*Robert A. Minor* and *Elizabeth T.*
*Smith,* for appellant.

*Anthony J. Celebrezze, Jr.,* at-
torney general, *Michael L. Squillace*
and *Sandra L. Becher,* for appellee.

*Per Curiam.* Appellant contends
that the medical reports in issue at-
tributed claimant's disability to non-
allowed conditions. Appellant submits
that the only condition allowed is
"[h]erniated nucleus pulposes L5-S1 on

right." Since the medical reports consistently referred to "lumbar strain" and "low back pain" with respect to claimant's condition, appellant argues that claimant's condition is not compensable.

In our view, the commission did not abuse its discretion in refusing to hear appellant's appeal and, thus, we uphold the granting of temporary total compensation to claimant, because there was "some evidence" to support such a decision. See *State, ex rel. Burley,* v. *Coil Packing, Inc.* (1987), 31 Ohio St. 3d 18, 31 OBR 70, 508 N.E. 2d 936.

A review of the record indicates that the commission was apparently satisfied that claimant's condition was basically the same condition that had been previously compensated. As we stated in *Burley, supra,* at 20, 31 OBR at 72, 508 N.E. 2d at 938:

"* * * [T]he party which challenges the Industrial Commission's determination as to the extent of disability bears the burden of demonstrating that the commission's determination manifests an abuse of discretion and, in this context, abuse of discretion has been repeatedly defined as a showing that the commission's decision was rendered without some evidence to support it. *State, ex rel. Elliott,* v. *Indus. Comm.* (1986), 26 Ohio St. 3d 76, 79, 26 OBR 66, 68, 497 N.E. 2d 70, 72; *State, ex rel. Milburn,* v. *Indus. Comm.* (1986), 26 Ohio St. 3d 119, 121, 26 OBR 102, 103, 498 N.E. 2d 440, 441; *State, ex rel. Rouch,* v. *Eagle Tool & Machine Co., supra* [(1986), 26 Ohio St. 3d 197], at 198, 26 OBR [289] at 290, 498 N.E. 2d [464] at 466."

Since the medical reports of Dr. Matrka do indeed appear to constitute "some evidence" to support the commission's decision, we affirm the court of appeals' denial of appellant's request for a writ of mandamus.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, DOUGLAS, H. BROWN and RESNICK, JJ., concur.

HOLMES and WRIGHT, JJ., dissent.

WRIGHT, J., dissenting. I must respectfully dissent from the majority's finding that there was "some evidence" in the record to support the Industrial Commission's awarding the claimant, King, temporary total disability compensation and that therefore the court of appeals was correct to deny the employer's application for a writ of mandamus. Because I believe there was simply no evidence in the record to support the commission's awarding temporary total disability compensation to King for the time period covering September 30, 1986 until June 10, 1987, and because the employer has effectively been denied an adequate remedy at law, I would grant the employer's request for a writ of mandamus and reverse the commission's finding that King was entitled to temporary total disability compensation for the above time period.

On February 4, 1987, the Columbus Regional Board of Review heard the employer's appeal and issued its order "* * * based on the employers' [sic] Appeal, evidence in the file and/or evidence adduced at the hearing * * *." Contained within King's file at that time were medical reports from the three physicians who had examined him during the pendency of his claims.

Dr. Paul J. Matrka, King's attending physician, noted on the Bureau of Workers' Compensation Physician's Report Supplemental form that King's

"[l]umbar strain/low back pain" represented a "chronic condition," after he had examined King on April 28, 1986. This form was dated May 5, 1986 and was duly filed with the commission.

Dr. R. B. Larrick, a physician whom the employer had requested to examine King, conducted an examination and in a September 16, 1986 report concluded: "Unquestionably Mr. King has achieved maximum medical recovery which by objective evaluation has been complete."

Dr. Robert Turner, an Industrial Commission specialist who was appointed to examine King pursuant to the district hearing officer's July 8, 1986 order, stated in his Specialist Report to the commission: "* * * I think it safe to say at this point in time that the condition is permanent. The man is not going to improve without a change in treatment and I see no change in treatment that is available. * * *"

The record then clearly indicates that *all* of these physicians agreed that King's condition had either become permanent or had completely cleared up by September 30, 1986, the date upon which Dr. Turner conducted the physicians' last examination of King. Although Dr. Matrka refers to King's condition as "chronic," the repeated use of this term over a number of years of treatment clearly demonstrates that the condition was, in reality, permanent.

The commission is charged with knowledge of the contents of an applicant's file and indeed expressly stated that it relied on those contents as a basis for its determination. It is settled that where there is no evidence upon which the commission could base its factual conclusions, then an abuse of discretion is present and mandamus will lie. *State, ex rel. Paragon, v. Indus. Comm.* (1983), 5 Ohio St. 3d 72, 74, 5 OBR 127, 128, 448 N.E. 2d 1372, 1374, citing *State, ex· rel. Kramer, v. Indus. Comm.* (1979), 59 Ohio St. 2d 39, 42, 13 O.O. 3d 30, 31, 391 N.E. 2d 1015, 1017. Since neither the physicians' reports nor any other evidence in King's file constituted "some evidence" upon which the commission could base its conclusion that King was only temporarily disabled, I believe the commission abused its discretion by affirming the hearing officer's award of temporary total disability compensation for the time period covering September 30, 1986, the date of King's last physical examination, to June 10, 1987, the date when the district hearing officer finally terminated King's temporary total disability compensation.

I also believe the employer has been denied an adequate remedy at law, because the Industrial Commission's hearing officer refused to hear the employer's duly filed appeal. This refusal comes in the face of the Columbus Regional Board of Review's failure to terminate King's temporary total disability compensation where there was no evidence in the record to support such a continuation. I believe the denial of an appeal under such circumstances is an abuse of discretion. Additionally, because the employer had duly filed its appeal from the board of review's decision, the employer could reasonably conclude that it would have been useless[1] to appeal

---

[1] The purpose of a reset hearing is to consider new evidence and new developments. In the case before us, all of the evidence available to the hearing officer at the reset hearing had already been placed in King's file to be examined by the Columbus Regional Board of Review.

from the hearing officer's later decision at the reset hearing, since all of the evidence available at the reset hearing was also available to the board of review.

Because there was no evidence in the record to support the board of review's determination and because the Industrial Commission has denied the employer an adequate remedy at law, I would grant the employer's application for a writ of mandamus and deny King temporary total disability compensation for disability occurring after September 30, 1986.

HOLMES, J., concurs in the foregoing dissenting opinion.