[This opinion has been published in *Ohio Official Reports* at 78 Ohio St.3d 524.]

THE STATE EX REL. TILLEY, APPELLEE, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL.; MT. CARMEL MEDICAL CENTER, APPELLANT.

[Cite as *State ex rel. Tilley v. Indus. Comm*., 1997-Ohio-188.]

*Workers' compensation—Permanency-based denial of temporary total disability compensation that does not examine every allowed condition is incomplete—Industrial Commission's declaration of maximum medical improvement an abuse of discretion absent its consideration of claimant's degenerative disc disease.*

(No. 95-159—Submitted March 4, 1997—Decided June 4, 1997.)

Appeal from the Court of Appeals for Franklin County, No. 93APD12-1650.

_____

{¶ 1} Appellee-claimant, Helen L. Tilley, injured her low back on January 13, 1989 while in the course of and arising from her employment with appellant, Mt. Carmel Medical Center. A workers' compensation claim was allowed for "lumbosacral strain, head trauma * * * ." Claimant missed approximately a month of work before returning to her former position of employment.

{¶ 2} In early 1991, claimant sought to reactivate her claim, including the resumption of temporary total disability compensation from November 26, 1990 on. A district hearing officer for the Industrial Commission of Ohio awarded temporary total disability compensation from November 25, 1990 through July 9, 1992, and to continue based upon submission of medical proof.

{¶ 3} On October 19, 1992, claimant was examined on Mt. Carmel's behalf by Dr. Timothy J. Fallon. He reported:

"In summary then, we have an individual who has complaints of low back pain and leg pain, and who presents a soft tissue type symptomatology. She does not present with evidence of a radicular component or a discogenic basis on a

clinical basis. The MRI report indicates that she did have degenerative disc disease with bulging at several levels secondary to osteoarthritis which is a pre-existing condition. She does not have a herniated disc. There is no evidence of neural encroachment. Based on my examination, she would be able to continue in her work activity in that she was doing this prior to the injury and her condition has not essentially changed from the standpoint of pathology that is noted. One would, however, due to her small stature, place her on a lifting restriction on an empiric basis, and I would arbitrarily place this lifting restriction at 30 pounds. Her impairment then at this time is one which is stabilized and maximally medically improved, and represents a 10% permanent partial impairment."

{¶ 4} Three weeks later, claimant requested the additional allowance of "aggravation of pre-existing degenerative disc disease of the lumbar spine." The condition was allowed by a district hearing officer on January 8, 1993 "based on the medical reports of: Drs. Fallon (10-19-92) and Mays (9-8-92 & 2-1-92)."

{¶ 5} On February 1, 1993, Mt. Carmel moved to terminate temporary total disability compensation based on the reports of Drs. Fallon and Gerald S. Steiman. Staff hearing officers terminated temporary total disability compensation as of July 12, 1993 "based upon the report of Dr. Fallon, dated 10/19/92, wherein he found tht [*sic*] the claimant had reached maximum medical recovery." Claimant's "request for reconsideration" was denied.

{¶ 6} Claimant filed a complaint in mandamus in the Court of Appeals for Franklin County, asserting that Dr. Fallon's report was not "some evidence" supporting the denial of temporary total disability compensation. Claimant argued that because Fallon had examined her before degenerative disc disease ("DDD") condition was additionally allowed, that condition was not considered in his permanency assessment. The court of appeals agreed, vacated the order, and returned the matter for further consideration and amended order.

{¶ 7} This cause is now before this court upon an appeal as of right.

*Law Offices of James L. Mackin & Associates Co., L.P.A.*, and *James L. Mackin*; *Law Offices of Patrick J. Piccininni* and *Patrick J. Piccininni*, for appellee.

*Arter & Hadden, Douglas M. Bricker* and *Lisa A. Reid*, for appellant.

_____

*Per Curiam.*

{¶ 8} Eligibility for temporary total disability compensation requires, among other things, that the disabling medical condition(s) are not yet permanent, *i.e.*, not maximally medically improved. See *State ex rel. Ramirez v. Indus. Comm.* (1982), 69 Ohio St.2d 630, 23 O.O. 3d 518, 433 N.E. 2d 586; R.C. 4123.56(A). Dr. Fallon assessed maximum medical improvement, prompting the termination of claimant's temporary total disability compensation. Claimant successfully disqualified Fallon's report in the court below, arguing that Fallon did not consider aggravation of DDD in finding maximum medical improvement. Mt. Carmel disputes Fallon's obligation to consider the condition, but alternatively argues that if Fallon were required to consider it, review of his report establishes that he did. Mt. Carmel asserts further that disqualification of the Fallon report violates *State ex rel. Zamora v. Indus. Comm.* (1989), 45 Ohio St.3d 17, 543 N.E.2d 87. For the reasons to follow, we find in claimant's favor.

{¶ 9} We address Mt. Carmel's alternative contention first. A review of Fallon's report contradicts Mt. Carmel's assertion. Dr. Fallon's *only* mention of claimant's DDD is his acknowledgment of an MRI confirming its presence. Fallon does not independently verify its existence nor does he venture an opinion as to causal relationship. Nothing in his report implies that DDD was taken into account when maximum medical improvement was assessed.

{¶ 10} Mt. Carmel responds that notwithstanding Fallon's failure to consider claimant's DDD, his report is still "some evidence" supporting the commission's decision. We again disagree. When multiple conditions prevent a claimant's return to the former position of employment, it is imperative that a

permanency determination include consideration of all allowed conditions. This is because an improvement in an allowed condition that was not considered may elevate claimant's overall condition to the point where claimant can work. Thus, a permanency-based denial of temporary total disability compensation that does not examine every allowed condition is incomplete.

{¶ 11} Contrary to Mt. Carmel's representation, this principle does not conflict with *State ex rel. Rouch v. Eagle Tool & Machine Co*. (1986), 26 Ohio St.3d 197, 26 OBR 289, 498 N.E.2d 464. In *Rouch*, the claimant sought, among other things, temporary total disability compensation. Dr. Turton evaluated claimant's allowed psychiatric condition and concluded that it did not prevent a return to the former job. Dr. Reynolds examined claimant's physical condition and determined that it also did not bar a return. The commission denied temporary total disability compensation based on these two reports.

{¶ 12} The claimant in *Rouch* challenged the denial based on *State ex rel. Anderson v. Indus. Comm*. (1980), 62 Ohio St.2d 166, 16 O.O. 3d 199, 404 N.E.2d 153. *Anderson*, since overruled, prohibited the commission, in determining whether a disability was due to a combination of allowed conditions, from relying on any medical report in which the physician did not evaluate the combined effects of the allowed conditions. *Rouch* modified *Anderson*, holding:

"* * * [W]e now recognize that it is impracticable to require, through hypertechnical evidentiary rules, that physicians pretend to be specialists in all fields of medicine. This court should not usurp the rule of the commission in determining disability by creating arbitrary exclusionary rules that eliminate evidence the commission may deem credible and relevant. We hold that the Industrial Commission, in determining whether a claimant is disabled due to the combined effects of two or more allowed conditions, may base its finding upon the medical report of a physician who examines the claimant with regard to one of the allowed conditions and recognizes the existence of the other allowed condition(s)

by referring to them in his report. We further hold that the commission, in making this disability determination, may consider and rely on a medical report in which an examining physician evaluates a claimant only with regard to the condition that relates to the physician's particular area of expertise." *Id*. at 199, 26 OBR at 291, 498 N.E.2d at 467.

{¶ 13} In citing the above holding, Mt. Carmel misses the distinction between this case and *Rouch*. In *Rouch*, compensation was denied based on the reports of Dr. Turton *and* Dr. Reynolds. While Turton did not examine claimant's orthopedic condition, Reynolds did. Conversely, Reynolds did not evaluate claimant's psychological condition, but Turton did. Thus, between the two doctors, all allowed conditions were medically evaluated and were considered by the commission. In this case, the commission did not rely on any report that considered the allowed DDD condition. Thus, while *Rouch* excuses Fallon's failure to evaluate DDD, it does not excuse the commission's failure to consider it utilizing other evidence.

{¶ 14} Mt. Carmel lastly asserts that disqualification of Fallon's report violates *Zamora*. This argument fails as well. In *Zamora*, the claimant sought an additional allowance for "aggravation of depression." Dr. Kogut examined claimant and concluded that claimant's depression preceded his industrial injury. He also opined that the contribution of the injury to any current depression was minimal. A regional board of review, however, relying on another physician's report, allowed the additional condition. That order was administratively affirmed.

{¶ 15} The claimant in *Zamora* later moved for permanent total disability compensation. The commission denied his application, based largely on Dr. Kogut's report. Claimant challenged the denial, arguing that the commission's reliance on Dr. Kogut's report was improper, since it had implicitly rejected that report when it additionally allowed the psychological condition. We agreed, writing:

"[I]t would be inconsistent to permit the commission to reject the Kogut report at one level, for whatever reason, and rely on it at another. Accordingly, the Kogut report cannot constitute some evidence that Zamora is not permanently and totally disabled." *Id.* at 19, 543 N.E.2d at 89.

{¶ 16} Mt. Carmel attempts to equate this case with *Zamora*. It notes that the commission had earlier relied on Fallon's report when it allowed the DDD condition. Mt. Carmel contends that to hold the commission cannot rely on Fallon now would create the kind of inconsistency that *Zamora* prohibits. This contention lacks merit.

{¶ 17} The relevant chronology in this case renders *Zamora* inapplicable. *Zamora* is properly invoked when the commission tries to revive evidence that was previously deemed unpersuasive. Thus, unless rejection preceded reliance, *Zamora* does not apply. Here, the commission's initial encounter with Fallon's report generated reliance on that report, not rejection. Revival is not an issue.

{¶ 18} We find, therefore, that the commission's declaration of maximum medical improvement is an abuse of discretion absent its consideration of claimant's degenerative disc disease. Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____