[This opinion has been published in *Ohio Official Reports* at 89 Ohio St.3d 373.]

THE STATE EX REL. TURNER, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO, APPELLEE.

[Cite as *State ex rel. Turner v. Indus. Comm.*, 2000-Ohio-167.]

*Workers' compensation—Industrial Commission does not abuse its discretion in denying reactivation of a claim, when—Implicit recognition of a medical condition in State Insurance Fund claims prohibited.*

(No. 98-2654–Submitted April 25, 2000—Decided August 2, 2000.)

APPEAL from the Court of Appeals for Franklin County, No. 97APD08-1117.

_____

{¶ 1} Appellant, Georgia A. Turner, was injured in the course of her employment with Evans Products Company in May 1981. Her workers' compensation claim has been allowed only for "herniated nucleus pulposus L5-S1, right sciatica." For reasons unknown, in the late 1980s, claimant successfully secured payment from the Bureau of Workers' Compensation and Industrial Commission of Ohio for treatment relating to "lumbosacral sprain." An internally generated bureau computer printout even listed "sprain lumbosacral" as an allowed condition. No Industrial Commission order, however, ever listed "lumbosacral sprain" as an allowed condition, and the parties concede that formal recognition of lumbosacral sprain was never sought or granted.

{¶ 2} In 1996, after a substantial period without treatment, claimant sought to reactivate her claim on the basis of lumbosacral sprain. The commission denied her application, since lumbosacral sprain was not an allowed condition.

{¶ 3} Claimant filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission abused its discretion in denying reactivation. The court of appeals denied the writ.

{¶ 4} This cause is now before this court upon an appeal as of right.

_____

*Phillip J. Fulton & Associates* and *William A. Thorman III*, for appellant.

*Betty D. Montgomery*, Attorney General, and *William T. McDonald*, Assistant Attorney General, for appellee.

_____

***Per Curiam.***

**{¶ 5}** This case invokes the notion of implicit allowance of a medical condition. Claimant argues that recognition of "lumbosacral sprain" is supported by legal precedent and/or the inconsistency of the commission's orders. Both propositions fall short.

**{¶ 6}** Claimant relies heavily on *State ex rel. Jeffrey Mining Machinery Div., Dresser Industries, Inc. v. Indus. Comm.* (1990), 56 Ohio St.3d 91, 564 N.E.2d 437. As in this case, the allowed condition in *Jeffrey Mining* was "herniated nucleus pulposis L5-S1 on right." The claimant later requested temporary total disability compensation based on reports citing exclusively "lumbar strain/low back pain." Compensation was paid, based on those reports.

**{¶ 7}** The employer challenged the award, arguing that "lumbar strain" and "low back pain"—basically the conditions also at issue here—were not allowed. We affirmed the award, after concluding that "[a] review of the record indicates that the commission was apparently satisfied that claimant's condition was basically the same condition that had been previously compensated." *Id*. at 93, 564 N.E.2d at 439.

**{¶ 8}** While these two cases are similar, claimant errs in interpreting *Jeffrey Mining* as a mandate. We did not say that the facts *compelled* the conclusion reached in *Jeffrey Mining* but merely that the commission was within its prerogative to do so. To interpret *Jeffrey Mining* as claimant advocates sets a dangerous precedent. Where a subsequently recorded condition does not match that allowed previously, it may simply represent inadvertent error. It may also, however,

represent a new condition that has resulted from an intervening accident. *Jeffrey Mining* should not, therefore, be viewed as a directive to treat "herniated nucleus pulposis" and "lumbosacral sprain" interchangeably.

{¶ 9} Claimant's alternative position alleges inconsistency of the commission's orders, premised on the years that the commission paid medical bills relating solely to lumbosacral sprain. The commission, however, has two strong arguments in rebuttal. The first is that the commission speaks only through its orders, and there is no commission order listing "lumbosacral sprain" as an allowed condition here. See *State ex rel. Peabody Coal Co. v. Indus. Comm.* (1993), 66 Ohio St.3d 639, 614 N.E.2d 1044. The second is our prohibition against implicit recognition of a medical condition in State Insurance Fund claims, and such recognition would be needed to allow reactivation here. *State ex rel. Williams v. Indus. Comm.* (1984), 11 Ohio St.3d 240, 11 OBR 553, 465 N.E.2d 80. We find, therefore, that the commission did not abuse its discretion in this regard.

{¶ 10} Claimant raises last a proposition challenging the sufficiency of a particular medical report. Since the commission did not rely on that report, it is irrelevant to this case and is not discussed.

{¶ 11} The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____