THE STATE EX REL. SEARS LOGISTICS SERVICES, INC., APPELLEE, *v.* COPE, APPELLANT; INDUSTRIAL COMMISSION OF OHIO, APPELLEE.

[Cite as *State ex rel. Sears Logistics Serv., Inc.*
*v. Cope* (2000), 89 Ohio St.3d 393.]

394

(No. 98–2674—Submitted April 10, 2000—Decided August 9, 2000.)

*Barkan & Neff* and *Robert E. DeRose,* for appellant.

*Roetzel & Andress, Douglas E. Spiker* and *Noel C. Shepard,* for appellee Sears Logistics Services, Inc.

***Per Curiam.*** The commission rejected Dr. Ray's initial report because it did not take RSD into account even though Dr. Urse had represented that the diagnosis of RSD no longer applied. The order does not mention it, but the commission was apparently relying on the fact that Dr. Urse had continued to certify Cope's TTD based on two conditions. Specifically, in a series of forms, Dr. Urse had represented that Cope was temporarily and totally disabled by the allowed knee sprain and also by "autonomic nerve disorder," a condition that Cope claims encompasses RSD.

Cope argues that the commission can never rely on a doctor's MMI report if the doctor has not considered all allowed conditions. Sears responds that the commission has no reason to consider an allowed condition if it is no longer disabling. The court of appeals agreed with Sears, and so do we.

Ordinarily, the commission must consider all allowed conditions in determining the extent of a claimant's disability. *State ex rel. Tilley v. Indus. Comm.* (1997), 78 Ohio St.3d 524, 526, 678 N.E.2d 1392, 1394. But as the court of appeals' magistrate explained, once Dr. Urse confirmed in December 1995 that Cope was not suffering from RSD, that diagnosis left only one remaining allowed condition to which Cope's disability could be attributed—left knee strain. Thus, it is of no consequence that Dr. Ray did not account for RSD in his initial report: an

allowed but *nondisabling* condition is irrelevant to determining whether a claimant continues to qualify for disability compensation.

Moreover, while Dr. Urse continued to certify Cope's TTD after December 1995, it is significant that he never specified an RSD diagnosis again. Sometimes he referred to Cope's "left knee soreness." Other times he would use codes for her condition from the International Classification of Diseases (9 Ed.1996) ("ICD–9")—844.9 for knee sprain and 337.9 for "unspecified disorder of autonomic nervous system." Cope insists that the 337.9 code is a catchall category for disorders of the autonomic nervous system, that RSD falls in this category, and that this allowed condition is still contributing to Cope's disability. But as the court of appeals found, nothing in the record clearly establishes that RSD, which is categorized as ICD–9 Code 337.2, is synonymous with the condition referred to by ICD–9 Code 337.9.

The court of appeals, therefore, did not err in finding that the commission abused its discretion by discrediting Dr. Ray's initial report. Accordingly, we affirm the court of appeals' judgment granting a writ of mandamus. The commission is directed to vacate its order rejecting Dr. Ray's initial MMI report and denying Sears's motion to terminate TTD. The commission is further directed to issue a new order that grants or denies this motion in a manner consistent with our opinion.

*Judgment affirmed.*

Moyer, C.J., Douglas, F.E. Sweeney, Pfeifer, Cook and Lundberg Stratton, JJ., concur.

Resnick, J., dissents.