[This opinion has been published in *Ohio Official Reports* at 89 Ohio St.3d 393.]

THE STATE EX REL. SEARS LOGISTICS SERVICES, INC., APPELLEE, *v*. COPE, APPELLANT; INDUSTRIAL COMMISSION OF OHIO, APPELLEE.

[Cite as *State ex rel. Sears Logistics Serv., Inc. v. Cope*, 2000-Ohio-206.]

*Workers' compensation—Writ of mandamus granted by court of appeals ordering Industrial Commission to issue a new order granting or denying relator's motion to terminate claimant's compensation for temporary total disability affirmed—Commission must consider all allowed conditions in determining extent of claimant's disability—Commission need not consider an allowed condition if it is no longer disabling.*

(No. 98-2674—Submitted April 10, 2000—Decided August 9, 2000.)

APPEAL from the Court of Appeals for Franklin County, No. 97APD11-1546.

_____

{¶ 1} Sears Logistics Services, Inc. ("Sears"), appellee, sought a writ of mandamus forcing the Industrial Commission of Ohio to vacate its order denying Sears's motion to terminate Frances Cope's compensation for temporary total disability ("TTD") and to enter an order terminating it. The court of appeals granted a writ, but only to order the commission to issue a new order granting or denying Sears's motion. The court held that the commission abused its discretion by rejecting Sears's doctor's report concluding that Cope had reached maximum medical improvement ("MMI") on the ground that the report did not account for an allowed condition from which Cope's doctor had said she no longer suffered. Cope appeals as of right.

{¶ 2} Cope injured her knee in 1992 while working as a laborer for Sears. Her claim was initially allowed for "left knee strain." Later, after much medical treatment, including having her knee surgically replaced, Cope's claim was also allowed for reflex sympathetic dystrophy ("RSD"). Sears, a self-insured employer

in the workers' compensation system, paid Cope TTD for years following her injury.

**{¶ 3}** In December 1995, Sears's case-management consultant asked Cope's physician, Dr. John Urse, to clarify his diagnosis of her condition. In response to the consultant's inquiry about whether RSD was still diagnosed, Dr. Urse confirmed in writing that "Ms. Cope no longer is diagnosed with Reflex Sympathetic Dystrophy."

**{¶ 4}** In May 1997, Dr. Gary Ray examined Cope at Sears's request. He evaluated her for the allowed condition of left knee strain and summarized the extensive medical treatment she had received. He concluded:

"IMPRESSION: With a reasonable degree of medical certainty her current symptoms are a direct and proximate result of the October 2, 1992 industrial injury. I could not detect any unrelated conditions which could be causing her current symptoms. *With a reasonable degree of medical certainty, she has reached maximum medical improvement*. She has undergone extensive re-evaluation and treatment for the condition. The restrictions at this time include no lifting or carrying of greater than 20 pounds occasionally and 10 pounds frequently, no standing or walking for more than a half an hour at a time, and no squatting, kneeling, climbing or crawling activities. She would be able to sit without difficulty. With a reasonable degree of medical certainty, the treatment has been excessive for the allowed condition of left knee strain. I would expect a left knee strain to heal without complications. A left knee strain resolves within 3 months with treatment consisting of medications, physical therapy and exercises. She was treated for conditions other than the allowed condition of left knee strain. With a reasonable degree of medical certainty, she had a pre-existing osteoarthritis of the left knee as demonstrated on the left knee arthroscopy from February 23, 1993.

Also, she was treated for the nonallowed conditions of torn medial meniscus and synovial plica and synovitis." (Emphasis added.)

{¶ 5} Armed with Dr. Ray's report, Sears moved to terminate Cope's TTD on the ground that she had reached MMI, a disqualifying event. A commission district hearing officer denied the motion, finding that Dr. Ray's report was "legally deficient" because he had not considered Cope's second allowed condition, RSD. A staff hearing officer affirmed. At that point, Sears submitted a second report from Dr. Ray that accounted for both allowed conditions and acknowledged that Cope had signs of mild RSD, but that still diagnosed MMI. Sears's further appeal was subsequently refused.

{¶ 6} The commission's refusal to terminate Cope's TTD prompted Sears to file this action in the court of appeals. This cause is now before the court upon an appeal as of right.

_____

*Barkan & Neff* and *Robert E. DeRose*, for appellant.

*Roetzel & Andress, Douglas E. Spiker* and *Noel C. Shepard*, for appellee Sears Logistics Services, Inc.

_____

*Per Curiam.*

{¶ 7} The commission rejected Dr. Ray's initial report because it did not take RSD into account even though Dr. Urse had represented that the diagnosis of RSD no longer applied. The order does not mention it, but the commission was apparently relying on the fact that Dr. Urse had continued to certify Cope's TTD based on two conditions. Specifically, in a series of forms, Dr. Urse had represented that Cope was temporarily and totally disabled by the allowed knee sprain and also by "autonomic nerve disorder," a condition that Cope claims encompasses RSD.

**{¶ 8}** Cope argues that the commission can never rely on a doctor's MMI report if the doctor has not considered all allowed conditions. Sears responds that the commission has no reason to consider an allowed condition if it is no longer disabling. The court of appeals agreed with Sears, and so do we.

**{¶ 9}** Ordinarily, the commission must consider all allowed conditions in determining the extent of a claimant's disability. *State ex rel. Tilley v. Indus. Comm.* (1997), 78 Ohio St.3d 524, 526, 678 N.E.2d 1392, 1394. But as the court of appeals' magistrate explained, once Dr. Urse confirmed in December 1995 that Cope was not suffering from RSD, that diagnosis left only one remaining allowed condition to which Cope's disability could be attributed—left knee strain. Thus, it is of no consequence that Dr. Ray did not account for RSD in his initial report: an allowed but *nondisabling* condition is irrelevant to determining whether a claimant continues to qualify for disability compensation.

**{¶ 10}** Moreover, while Dr. Urse continued to certify Cope's TTD after December 1995, it is significant that he never specified an RSD diagnosis again. Sometimes he referred to Cope's "left knee soreness." Other times he would use codes for her condition from the International Classification of Diseases (9 Ed.1996) ("IDC-9")—844.9 for knee sprain and 337.9 for "unspecified disorder of autonomic nervous system." Cope insists that the 337.9 code is a catchall category for disorders of the autonomic nervous system, that RSD falls in this category, and that this allowed condition is still contributing to Cope's disability. But as the court of appeals found, nothing in the record clearly establishes that RSD, which is categorized as ICD-9 Code 337.2, is synonymous with the condition referred to by ICD-9 Code 337.9.

**{¶ 11}** The court of appeals, therefore, did not err in finding that the commission abused its discretion by discrediting Dr. Ray's initial report. Accordingly, we affirm the court of appeals' judgment granting a writ of mandamus. The commission is directed to vacate its order rejecting Dr. Ray's

initial MMI report and denying Sears's motion to terminate TTD.  The commission is further directed to issue a new order that grants or denies this motion in a manner consistent with our opinion.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

RESNICK, J., dissents.

————————————