THE STATE EX REL. BEA ET AL., APPELLEES, *v.* KROGER COMPANY, APPELLANT.

[Cite as *State ex rel. Bea v. Kroger Co.* (2000), 90 Ohio St.3d 380.]

(No. 99–459—Submitted August 22, 2000—Decided December 20, 2000.)

*Thompson, Meier & Dersom* and *Thomas D. Thompson,* for appellee Bea.

*Betty D. Montgomery,* Attorney General, and *Jon D. Grandon,* Assistant Attorney General, for appellee Industrial Commission.

*Porter, Wright, Morris & Arthur* and *Karl J. Sutter,* for appellant.

---

**Per Curiam.** Kroger certified claimant's initial C–50 workers' compensation claim application for "strain of legs, back and neck"—the latter two encompassing the cervical back area. Commission orders, however, have uniformly listed "acute lumbosacral sprain." as the only allowed condition. It is unclear why this is so, and we find that this lack of clarity hinders further review.

Dr. Bellamy stated that a chronic pain syndrome arising from claimant's neck/upper back was interfering with her ability to work. If cervical strain is an allowed condition, then there is no basis for the allegation that nonallowed conditions are contributing to claimant's inability to return to her former position of employment.[2] If it is not a part of the claim, however, Kroger's assertions may have merit. We, therefore, find further consideration to be critical.

The judgment of the court of appeals is affirmed, and the cause is returned to the commission for further consideration and clarification.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

---

2. We recognize that the DHO's order cites Dr. Bellamy's reference to "depression" as well, but that clearly is just a passing observation on the doctor's part. Nothing in Bellamy's July 10, 1996 narrative implies that claimant has an emotional condition that is contributing to an inability to work.