DECISION
Relator, Ronald G. Shetler, Sr., has filed this original action requesting that a writ of mandamus issue against respondent Industrial Commission of Ohio.
This court referred the matter to a magistrate, pursuant to Civ.R. 53(C) and Loc.R.12(M) of the Tenth District Court of Appeals, who issued a decision, including findings of fact and conclusions of law. (Attached as Appendix A.) The magistrate concluded that relator had failed to demonstrate that the commission had abused its discretion and that this court should deny the requested writ.
Relator filed an objection to the decision of the magistrate essentially rearguing issues already adequately addressed in that decision. For the reasons stated in the decision of the magis trate, the objection is overruled.
Finding no error of law or other defect on the face of the magistrate's decision, we adopt the decision of the magistrate as our own, including the findings of fact and conclusions of law contained in it. In accordance with the decision of the magis trate, the requested writ is denied.
Objection overruled; writ of mandamus denied.
TYACK, P.J., and DESHLER, J., concur.
 APPENDIX A IN MANDAMUS
In this original action, relator, Ronald G. Shetler, Sr., requests a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order terminating temporary total disability ("TTD") compensation on grounds that the industrial injury has reached maximum medical improvement ("MMI"), and to enter an order reinstating TTD compensation.
Findings of Fact:
1. On May 3, 1997, relator sustained an industrial injury while employed as a laborer for respondent Jerry Petrowski, dba Ash-Lake Tree Removal Service. The industrial claim is allowed for: "left tibial plateau fracture; left fibular neck; shaft fracture left medial malleolar fracture; pin tract infection, left tibia; sebaceous cyst; lumbar myositis," and is assigned claim number 97-394987.
2. On March 6, 2001, relator was examined by orthopedic surgeon David A. Brys, M.D., on behalf of the Ohio Bureau of Workers' Compensation ("bureau"). In his report, Dr. Brys listed the allowed conditions. He listed "myositis" rather than "lumbar myositis." Dr. Brys' report states in part:
 CHIEF COMPLAINT(S): The claimant reports that most of his problems are related now to his lower back, with radiation into the left leg. He also has complaints of tightness in the anterior left ankle with standing and walking.
* * *
 My physical findings: * * * His stance, gait, alignment of the back/spine is within normal limits. There are no limitations on walking. Examination of the left lower extremity showed well-healed scars over the anterior tibia, normal alignment of the lower extremities. There is no swelling or enlargement of either ankle. Hip, knee and ankle motion were normal. The reflexes over the lower extremities were normal. Straight-leg raising was negative. There was a normal ankle examination including symmetrical motion between the two. There was no significant swelling.
* * *
 It is my medical opinion that the injured worker has reached maximum medical improvement for the allowed conditions of the claim as noted above.
3. On April 6, 2001, the bureau moved to terminate TTD compensation based upon the report of Dr. Brys.
4. Following a May 2, 2001 hearing, a district hearing officer ("DHO") issued an order granting the bureau's motion. The DHO's order states:
 The District Hearing Officer finds, based on the 3/8/01 report of Dr. Brys, that claimant reached maximum medical improvement pursuant to a medical examination or medical review of the claimant.
 The District Hearing Officer further finds that the claimant's temporary total compensation shall be and is hereby terminated as of 5/2/01, the date of this hearing.
5. Relator administratively appealed the DHO's order. Following a June 6, 2001 hearing, a staff hearing officer ("SHO") issued an order stating:
 The order of the District Hearing Officer, from the hearing dated 05/02/2001, is modified to the following extent:
 The Staff Hearing Officer finds that claimant has reached maximum medical improvement for the allowed physical conditions herein, based upon the opinion of Dr. Brys, M.D., from his examination performed 03/06/2001.
 Further, the Staff Hearing Officer finds that claimant's physician, Dr. Paloski, D.O., continued to certify claimant temporarily and totally disabled subsequent to the date of the above examination, per his C-84 report dated 04/27/2001. Therefore, in accordance with the holding in the Russell [State ex rel. Russell v. Indus. Comm. (1998), 82 Ohio St.3d 516] decision and Industrial Commission Resolution R98-1-04, the Staff Hearing Officer concludes that the proper date of termination of Temporary Total Compensation benefits herein is 05/02/2001, the date of the Prior District Hearing Officer hearing.
6. On June 21, 2001, another SHO mailed an order refusing relator's administrative appeal from the SHO's order of June 6, 2001.
7. On September 13, 2001, relator, Ronald G. Shetler, Sr., filed this mandamus action.
Conclusions of Law:
The sole issue is whether Dr. Brys' listing of "myositis" rather than "lumbar myositis" deprives his report of evidentiary value such that it cannot constitute some evidence that all the allowed conditions of the claim have reached MMI.
Finding that Dr. Brys' failure to list "lumbar myositis" rather than "myositis" does not deprive his report of evidentiary value, it is the magistrate's decision that this court deny relator's request for a writ of mandamus, as more fully explained below.
 In determining whether the industrial injury has reached MMI, the commission must consider all allowed conditions of the claim. State ex rel. Tilley v. Indus. Comm. (1997), 78 Ohio St.3d 524; State ex rel. Richardson v. Quarto Mining Co. (1995), 73 Ohio St.3d 358.
Here, if Dr. Brys did not consider all allowed conditions of the industrial claim, it would be an abuse of discretion for the commission to rely exclusively upon his report to terminate TTD compensation.
To begin, a doctor's failure to acknowledge verbatim the commission's official description of the allowed condition(s) is not always fatal to his report. When a doctor uses his own description of a condition that does not match verbatim the commission's description of the allowed conditions, the commission has some discretion to determine whether the doctor is referring to an allowed condition. State ex rel. Jeffrey Mining Machinery Div., Dresser Industries, Inc. v. Indus. Comm. (1990),56 Ohio St.3d 91; State ex rel. Turner v. Indus. Comm. (2000),89 Ohio St.3d 373 (the Turner court amplifies the decision in Jeffrey Mining wherein it was the commission's prerogative to find that a doctor's reference to "lumbar strain" and "low back pain" satisfied the claim allowance, "herniated nucleus pulposis L5-S1 on right"). State ex rel. Bea v. Kroger Co. (2000), 90 Ohio St.3d 380 (a claim allowance for cervical strain is satisfied by a doctor's statement that a "chronic pain syndrome" arising from claimant's neck/upper back interferes with her ability to work).
Here, Dr. Brys' listing of "myositis" rather than "lumbar myositis" does not mean that he failed to examine relator for the allowed condition of "lumbar myositis." In his report, Dr. Brys indicates that relator reports that most of his problems are related to his lower back. Dr. Brys examined relator's back/spine as reported in his physical findings.
Under such circumstances, it was well within the commission's discretion to view Dr. Brys' report as indicating that all allowed conditions of the claim had been examined.
In short, Dr. Brys' report is some evidence upon which the commission can rely to find that the industrial injury has reached MMI.
Accordingly, it is the magistrate's decision that this court deny relator's request for a writ of mandamus.