DECISION
 IN MANDAMUS ON OBJECTIONS TO MAGISTRATE'S DECISION {¶ 1} Relator, Charles L. Bottomly, commenced this original action requesting a writ of mandamus that orders respondent Industrial Commission of Ohio (1) to vacate its order awarding him a 35 percent permanent partial disability award, an increase of 31 percent from his prior award, because the report of Thomas N. Markham, M.D., on which *Page 2 
the commission relied, did not consider all of relator's allowed conditions, and (2) to grant him a 73 percent permanent partial disability award based upon the remaining evidence in the record.
 {¶ 2} Pursuant to Civ.R. 53 and Section (M), Loc.R. 12 of the Tenth Appellate District, this matter was referred to a magistrate who issued a decision, including findings of fact and conclusions of law. (Attached as Appendix A.) Noting both some confusion about whether Dr. Markham may have been incorrectly informed of the allowed conditions and some uncertainty about whether Dr. Markham understood the nature of relator's injuries, the magistrate determined that this court should issue a limited writ of mandamus referring the matter back to the commission "so that the commission can request and receive a new report from Dr. Markham which correctly lists the allowed conditions and gives his opinion of impairment."
 {¶ 3} Relator filed objections to the magistrate's decision:
 I. The Magistrate committed error by allowing the Industrial Commission of Ohio to rely upon the medical report of Dr. Markham because Dr. Markham did not consider all of the allowed conditions in the claim.
 II. The Magistrate committed error by determining the Industrial Commission of Ohio did not abuse its discretion although the Commission "misidentified the allowed conditions in several of its orders."
 III. The Magistrate committed error by referring the matter back to the Industrial Commission of Ohio so that it could request and receive a new report from Dr. Markham which correctly lists the allowed conditions and gives his opinion of impairment.
 {¶ 4} The objections largely reargue those matters adequately addressed in the magistrate's decision. Although, as the magistrate noted, the language Dr. Markham used *Page 3 
in describing the allowed conditions is not identical to the commission's wording, the discrepancy is not necessarily fatal. The side-by-side comparison the magistrate employed shows the substantial similarity between the conditions Dr. Markham considered and the commission's allowed conditions. Given some uncertainty about Dr. Markham's understanding of the extent of relator's injury and some misidentification of allowed conditions in the commission's prior orders, the magistrate appropriately determined that the matter be referred back to the commission to allow Dr. Markham to clarify his opinion. If, as the commission suggests, the allowed conditions as Dr. Markham framed them are the ICD-9 codes for the allowed conditions, the clarification can address that point.
 {¶ 5} Relator nonetheless asserts that Ohio Adm. Code 4121-3-15(E)(2) allows the commission to return a claim for medical examination only once. Contending that the district hearing officer already returned this claim to the bureau for a second medical examination or review, relator maintains that the magistrate's suggested referral violates Ohio Adm. Code 4121-3-15(E)(2). The magistrate, however, does not propose that the matter be returned to the bureau for another medical examination, but recommends sending the matter back to the commission for clarification of Dr. Markham's existing opinion. Because the magistrate's approach does not violate Ohio Adm. Code 4121-3-15(E)(2), but appropriately returns the matter to the commission for clarification, we overrule relator's objections.
 {¶ 6} Following independent review pursuant to Civ.R. 53, we find the magistrate properly determined the pertinent facts and applied the salient law to them. Accordingly, we adopt the magistrate's decision as our own, including the findings of fact and *Page 4 
conclusions of law contained in it. In accordance with the magistrate's decision, we issue a limited writ of mandamus returning this matter to the commission so Dr. Markham can prepare a clarified report that the commission may consider in determining relator's application for an increase in permanent partial disability compensation.
Objections overruled; limited writ granted.
 McGRATH and WHITESIDE, JJ., concur.
WHITESIDE, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution. *Page 5 
 MAGISTRATE'S DECISION IN MANDAMUS {¶ 7} Relator, Charles L. Bottomly, has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order which awarded him a 35 percent permanent partial disability ("PPD") award, which represented an increase of 31 percent from his prior *Page 6 
award, on the grounds that Thomas N. Markham M.D., did not consider all of relator's allowed conditions. Relator requests that the commission be ordered to grant him a 73 percent PPD award based upon the remaining evidence in the record.
Findings of Fact:
 {¶ 8} 1. Relator sustained a work-related injury on July 4, 2001 and his claim was originally allowed for "FRACTURE RIGHT PATELLA."
 {¶ 9} 2. Relator received an initial PPD award of four percent for the above condition.
 {¶ 10} 3. Ultimately, relator's claim was additionally allowed for the following conditions:
 LUMBAR SPRAIN/STRAIN; AGGRAVATION OF PREEXISTING DEGENERATIVE DISC DISEASE AND SPINAL STENOSIS AT MULTIPLE LUMBAR LEVELS; RIGHT ANKLE SPRAIN; RIGHT SHOULDER SPRAIN WITH ADHESIVE CAPSULITIS; CERVICAL SPRAIN/STRAIN; AGGRAVATION OF PRE-EXISTING POST-OPERATIVE CHANGES OF THE CERVICAL SPINE AT THE C6-7 LEVEL[.]
Relator's claim was specifically disallowed for the following conditions:
RIGHT HIP SPRAIN AND BILATERAL WRIST SPRAIN
 {¶ 11} 4. On December 29, 2004, relator filed a request for an increase in his PPD award based upon the newly allowed conditions in his claim.
 {¶ 12} 5. The Ohio Bureau of Worker's Compensation ("BWC") had relator examined by Cheryl Benson-Blankenship, Ph.D., for the allowed psychological condition. In her report dated March 18, 2005, Dr. Benson-Blankenship opined that relator has a ten percent permanent partial impairment as a result of the allowed psychological condition. *Page 7 
 {¶ 13} 6. The BWC had relator examined by Ronald E. Cantor, M.D., for the allowed physical conditions. In his report, dated April 11, 2005, Dr. Cantor incorrectly listed the originally allowed conditions as follows:
 Fracture, right patella, closed. Sprain, right ankle. Sprain, right shoulder. Sprain of neck. Sprain of lumbar region. DDD L4-L5 and L5-S1. Spinal stenosis lumbar.
Dr. Cantor listed the newly allowed conditions as follows:
 Cervical syndrome. Prolonged depressive reaction.
Thereafter, Dr. Cantor specifically noted that relator had already been granted a four percent PPD award which included the allowed condition of "cervical syndrome." Thereafter, Dr. Cantor opined that relator did not have an increase in his permanent partial impairment due to the allowed physical conditions.
 {¶ 14} 7. The BWC made a tentative PTD award of 14 percent.
 {¶ 15} 8. Relator appealed and the matter was heard before a district hearing officer ("DHO") on June 7, 2005. The DHO noted the error in Dr. Cantor's report and issued an interlocutory order, sending the matter back for a new file review report based upon all the newly allowed conditions in relator's claim.
 {¶ 16} 9. Thereafter, relator was examined by Thomas N. Markham, M.D. In his July 1, 2005 report, Dr. Markham noted the allowed conditions as follows:
 822.0 Fracture Patella — Closed, Right
 845.00 Sprain of Ankle NOS, Right
 840.9 Sprain Shoulder/Arm NOS, Right Shoulder
 847.0 Sprain of Neck
 847.2 Sprain Lumbar Region
 722.52 DDD Degen Disc Dis L4-L5, Lumbar
 722.52 DDD Degen Disc Dis L5-S1, Lumbar
 724.02 Spinal Stenosis — Lumbar
 723.8 Cervical Syndrome NEC *Page 8 
 309.1 Prolong Depressive React
Thereafter, Dr. Markham conducted a physical examination of relator and noted his range of motion findings for relator's cervical spine, right shoulder, right wrist, lumbar back, right hip, right knee, and right ankle. Dr. Markham also set out the percentage of impairment for each of the above enumerated parts of relator's body. Dr. Markham assessed a three percent whole person impairment relative to relator's right knee, a five percent whole person impairment relative to relator's lumbar back conditions, a one percent whole person impairment for relator's right shoulder condition and a two percent whole person impairment for relator's cervical spine condition. Dr. Markham added one percent plus three percent plus five percent for a nine percent whole person impairment. Unfortunately, Dr. Markham added incorrectly and his total should have been 11 percent.
 {¶ 17} 10. Thereafter, relator was examined by James E. Lundeen, Sr., M.D., who issued a report dated August 8, 2005. Dr. Lundeen noted the allowed conditions as follows:
 Claim Allowance(s): Fracture right patella; sprain of ankle, right; sprain right shoulder with adhesive capsulitis; sprain of neck; sprain of lumbar region; aggravation of pre-existing ddd and spinal stenosis at multiple lumbar levels; aggravation of pre-existing post-operative changes of the cervical spine at the C6-7 level; adjustment disorder with depressed mood.
Thereafter, Dr. Lundeen noted his findings upon physical examination and ultimatelyconcluded that relator had a 63 percent whole person impairment due to the allowed physical conditions in his claim.
 {¶ 18} 11. Relator's application for an increase in his PPD award was heard before a DHO on August 9, 2005. Based upon the medical reports of Drs. Markham, *Page 9 
Lundeen and Benson-Blankenship, the DHO concluded that relator now had a 35 percent whole person impairment, an increase of 31 percent from the prior order.
 {¶ 19} 12. Relator's appeal was heard before a staff hearing officer ("SHO") on September 27, 2005, and resulted in an order affirming the prior DHO's order in full.
 {¶ 20} 13. Thereafter, relator filed the instant mandamus action in this court.
Conclusions of Law:
 {¶ 21} In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, relator must show a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief. State ex rel. Pressley v. Indus. Comm.
(1967), 11 Ohio St.2d 141. A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order which is not supported by any evidence in the record. State ex rel. Elliott v. Indus. Comm. (1986), 26 Ohio St.3d 76. On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. State ex rel. Lewis v. Diamond FoundryCo. (1987), 29 Ohio St.3d 56. Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder. State ex rel. Teece v. Indus. Comm. (1981),68 Ohio St.2d 165.
 {¶ 22} Relator contends that the commission abused its discretion by relying upon the medical report of Dr. Markham because Dr. Markham did not consider all of the allowed conditions when he determined that relator had a nine percent whole person *Page 10 
impairment based upon the allowed physical conditions.[1]
Specifically, relator contends that Dr. Markham did not consider the following two conditions in his claim:
 [S]prain right shoulder with adhesive capsilitus and aggravation of pre-existing post-operative changes of the cervical spine at the C6-7 level.
(Relator's brief at 10.)
 {¶ 23} Upon review of this matter, the magistrate specifically finds Dr. Markham did examine all of the relevant parts of relator's body which have allowed conditions in this claim. Furthermore, upon comparison of Dr. Markham's report to Dr. Lundeen's report, this magistrate notes that Dr. Markham set out his categories in a manner similar to that of Dr. Lundeen. Relator appears to be challenging, in part, the fact that Dr. Markham did not use the specific language identifying the allowed conditions in relator's claim.
 {¶ 24} A side-by-side comparison of the allowed conditions and the conditions listed in Dr. Markham's report is helpful.

 Allowed Conditions Markham Report
1. Fractured right patella 1. Fractured right patella
2. Right ankle sprain 2. Right ankle sprain
3. Right shoulder sprain with 3. Right shoulder/arm sprain
 adhesive capsulitis 4. Sprain of neck/cervical syndrome
4. Cervical sprain/strain NEC
5. Aggravation of pre-existing post 5. Degenerative disc disease L4-L5,
 operative changes of the cervical lumbar
 spine at the C6-C7 level 6. Degenerative disc disease L5-S1,
6. Aggravation of pre-existing lumbar
 degenerative disc disease and 7. Spinal stenosis-lumbar
 spinal stenosis at multiple levels 8. Sprain lumbar region
7. Lumbar sprain/strain 9. Prolonged depressive
8. Adjustment disorder disorder
 *Page 11 
 {¶ 25} While it is true that Dr. Markham's language delineating each of relator's allowed conditions was not identical to the terminology used by the commission, that is not necessarily fatal. The commission cited two cases in its brief, State ex rel. Turner v. Indus. Comm.
(2000), 89 Ohio St.3d 373; and State ex rel. Bea v. Kroger Co. (2000),90 Ohio St.3d 380. In both of those cases, the commission had found that the failure of the doctor to use language identical to the commission's order in identifying allowed conditions was not necessarily fatal. While both cases did involve the payment of temporary total disability compensation, the magistrate finds that those cases are instructive here.
 {¶ 26} As outlined in the side-by-side comparison, Dr. Markham examined all of the relevant parts of relator's body in determining the percentage of permanent partial disability for each allowed condition. However, because Dr. Markham did not list the specific conditions of adhesive capsulitis and aggravation of pre-existing post-operative changes at C6-C7, it is not clear that Dr. Markham understood the nature of relator's injuries. Although he set forth his physical findings upon examination and gave his opinion with regard to impairment for each area of relator's body, it is not clear that he understood the extent of relator's injuries. Upon review of the evidence, it appears to this magistrate that the reason for any uncertainty on Dr. Markham's part may be a result of the fact that the commission misidentified the allowed conditions in several of its orders. Because Dr. Markham may not have been correctly informed of the allowed conditions, the magistrate finds that this court should issue a limited writ of mandamus referring the matter back to the commission so that the commission can request and receive a new *Page 12 
report from Dr. Markham which correctly lists the allowed conditions and gives his opinion of impairment.
 {¶ 27} Based on the foregoing, it is this magistrate's conclusion that relator has not demonstrated that the commission abused its discretion in relying upon the report Dr. Markham. However, because it appears that Dr. Markham was not correctly informed of all of the allowed conditions, this court should issue a limited writ of mandamus remanding this matter to the commission so that a new report can be prepared by Dr. Markham and then the matter can be reconsidered by the commission.
[1] As stated previously, Dr. Markham did not add his figures correctly as he should have found an 11 percent whole person impairment. *Page 1