THE STATE EX REL. TRADESMEN INTERNATIONAL, APPELLANT,
*v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Tradesmen Internatl. v. Indus. Comm.*, 143 Ohio St.3d 336, 2015-Ohio-2342.]

(No. 2014–0678—Submitted March 10, 2015—Decided June 24, 2015.)

**Per Curiam.**

{¶ 1} Relator-appellant, Tradesmen International, appeals the judgment of the Tenth District Court of Appeals denying its request for a writ of mandamus. The court of appeals concluded that respondent-appellee Industrial Commission did not abuse its discretion when it granted the claimant permanent-total-disability compensation or when it ordered compensation to begin on April 26, 2011, the date of the report of Oscar B. DePaz, M.D.

{¶ 2} For the reasons that follow, we affirm the judgment of the court of appeals.

*Facts*

{¶ 3} On July 23, 2003, respondent-appellee Raymond Smith was injured while working for Tradesmen. His workers' compensation claim was allowed for low back sprain, right shoulder sprain, cervical and left-wrist sprain, right paracentral disc protrusion, chronic pain syndrome, and adjustment disorder with depressed mood.

{¶ 4} In 2011, Smith applied for permanent-total-disability compensation and submitted a report from his treating physician, Dr. DePaz, dated April 26, 2011, that stated:

> [I]t is my opinion that Mr. Smith has significant functional impairment, and at this time his activity level is restricted to sedentary activities with maximum lifting of 10 lbs. He should avoid repetitive bending, stooping, twisting, lifting, pushing, or pulling. Mr. Smith will need frequent periods of rest which at times will require him laying down to relieve his back pain. He will have significant difficulty maintaining a regular schedule, and at times, he will need periods of continuous rest to control exacerbations of his back pain. Therefore, he will not be able to maintain any type of regular working schedule.

{¶ 5} The commission submitted medical reports from Timothy J. McCormick, D.O., and Jacqueline Orlando, Ph.D., dated March 2012. Both reports opined that Smith was incapable of working based on the allowed conditions of his claim.

{¶ 6} A staff hearing officer concluded that Smith was unable to perform any sustained remunerative employment solely as a result of his allowed conditions.

The hearing officer relied on the reports of Drs. McCormick, Orlando, and DePaz as support for the decision to award Smith permanent-total-disability compensation.

{¶ 7} Tradesmen filed a complaint for a writ of mandamus alleging that the commission had abused its discretion when it ordered compensation to begin on April 26, 2011, the date of Dr. DePaz's report. Tradesmen alleged that Dr. DePaz's report did not find that Smith's disability was solely the result of his medical impairment.

{¶ 8} The court of appeals concluded that the DePaz report dated April 26, 2011, was some evidence to support the start date for the permanent-total-disability compensation. The court reasoned that while Dr. DePaz stated that the claimant could perform sedentary work, he also outlined restrictions so narrow as to effectively preclude all sustained remunerative employment. Therefore, the court denied the requested writ.

{¶ 9} This matter is before the court on Tradesmen's appeal of right.

*Legal Analysis*

{¶ 10} Tradesmen concedes that the reports of McCormick and Orlando constituted evidence that supported the commission's award of permanent-total-disability compensation. However, Tradesmen is hoping to eliminate the DePaz report as support for the start date for paying compensation and to require the commission to examine the claimant's nonmedical disability factors. Thus, the sole issue before the court is whether the DePaz report constituted some evidence to support the commission's decision to begin payment of the award as of the date of the report.

{¶ 11} Tradesmen argues that the DePaz report does not support the commission's decision because the report failed to list the allowed conditions in the claim and stated that Smith was capable of sedentary work with limitations. Tradesmen maintains that Dr. DePaz did not base his opinion solely on medical factors; thus, the commission was required to also review Smith's nonmedical disability factors in order to rely on the DePaz report to establish the start date for compensation.

{¶ 12} The party challenging the commission's order has the burden of demonstrating abuse of discretion, which in this context is defined as a showing that the commission's decision was rendered without some evidence to support it. *State ex rel. Burley v. Coil Packing, Inc.*, 31 Ohio St.3d 18, 20, 508 N.E.2d 936 (1987). Tradesmen fails to establish that the commission abused its discretion when it based the start date of the permanent-total-disability award on the DePaz report.

{¶ 13} When a medical expert fails to consider the claimant's allowed conditions, the expert's opinion alone cannot constitute some evidence on which the commission may rely to support its decision. *State ex rel. Richardson v. Quarto Mining Co.*, 73 Ohio St.3d 358, 359, 652 N.E.2d 1027 (1995). Although the DePaz report did not specifically list the allowed conditions in Smith's claim, a doctor's failure to state verbatim the commission's description of the allowed conditions is not always fatal to a report. The commission has some discretion to determine whether the doctor's description of the claimant's condition actually refers to the allowed condition, albeit in different words. *See State ex rel. Jeffrey Mining Mach. Div., Dresser Industries, Inc. v. Indus. Comm.*, 56 Ohio St.3d 91, 564 N.E.2d 437 (1990) (it was within the commission's discretion to accept that the medical reports' references to "lumbar strain" and "low back pain" were meant to describe the allowed condition of "herniated nucleus pulposes L5–S1").

{¶ 14} In this case, the commission knew that Dr. DePaz was Smith's treating physician. His report referred to Smith's back pain and various restrictions to relieve his back pain. There was no indication that DePaz had considered any nonallowed medical conditions. Thus, it was within the commission's discretion as the exclusive evaluator of the weight and credibility of the evidence, *State ex rel. Burley* at 20–21, to accept DePaz's identification of back pain as referring to the allowed conditions in the claim.

{¶ 15} The DePaz statement that Smith is restricted to sedentary activities does not render the report insufficient. A physician's report that states that a claimant is capable of sedentary work but does not include additional specific physical restrictions is sufficient to constitute some evidence on which the commission may rely. *State ex rel. O'Brien v. Cincinnati, Inc.*, 10th Dist. Franklin No. 07AP–825, 2008-Ohio-2841, 2008 WL 2390789, ¶ 9.

{¶ 16} However, if the physician has imposed specific restrictions in the report, the commission cannot simply rely on the physician's ultimate conclusion regarding the claimant's capacity to work. Rather, the commission must determine whether the doctor's ultimate conclusion is actually consistent with the physical restrictions imposed by the doctor. If the physical restrictions are so limiting as to render the claimant incapable of working, and yet the doctor concludes that the claimant is able to work, the report cannot constitute evidence on which the commission may rely. *Id.* at ¶ 10.

{¶ 17} The DePaz report stated that "Smith has significant functional impairment, and at this time this activity level is restricted to sedentary activities with maximum lifting of 10 lbs." But Dr. DePaz also included several other significant restrictions and stated that Smith will require frequent periods of rest. The commission could not consider just the recommended sedentary exertion level; it was required to also consider the physical restrictions detailed by Dr. DePaz. In

doing so, the commission did not abuse its discretion by determining that, based on the entire report, the DePaz opinion was evidence of permanent total disability based on the medical factors alone. Therefore, there was no need for further consideration of the nonmedical disability factors. *State ex rel. Galion Mfg. Div., Dresser Industries, Inc. v. Haygood,* 60 Ohio St.3d 38, 40, 573 N.E.2d 60 (1991).

{¶ 18} This court's role in the review of mandamus actions challenging the commission's decision is limited to whether there is some evidence in the record to support the commission's stated basis for its decision. *State ex rel. Burley,* 31 Ohio St.3d 18, 508 N.E.2d 936, syllabus. Here, the commission's order identified three medical reports relied upon and explained that its decision to award permanent-total-disability compensation was based solely on the claimant's medical conditions. Therefore, the commission did not abuse its discretion by relying on the date of the DePaz report as the date on which to begin paying the award.

{¶ 19} We affirm the judgment of the court of appeals.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

———————

Dinsmore & Shohl, L.L.P., and Michael L. Squillace, for appellant.

Michael DeWine, Attorney General, and Cheryl J. Nester, Assistant Attorney General, for appellee Industrial Commission.

Philip J. Fulton Law Office and Chelsea J. Fulton, for appellee Raymond Smith.