THE STATE, EX REL. LUNSFORD, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL.

[Cite as State, ex rel. Lunsford, *v.* Indus. Comm. (1984),
11 Ohio St. 3d 137.]

(No. 83-1477—Decided June 13, 1984.)

*Messrs. Wagoner, Steinberg, Chinnis & Dorf* and *Mr. Michael D. Dorf,* for relator.

*Mr. Anthony J. Celebrezze, Jr.,* attorney general, *Mr. Lee M. Smith* and *Ms. Jenice R. Golson,* for respondent Industrial Commission.

*Per Curiam.* The Industrial Commission has broad discretion in the performance of its duties and its actions are presumed to be valid as a result of the exercise of good faith and sound judgment. *State, ex rel. Gerspacher,* v. *Coffinberry* (1952), 157 Ohio St. 32 [47 O.O. 31], paragraph two of the syllabus. As long as there is some evidence to support the commission's findings and no abuse of discretion is shown, the commission's order will not be disturbed. *State, ex rel. General Motors Corp.,* v. *Indus. Comm.* (1975), 42 Ohio St. 2d 278, 283 [71 O.O.2d 255].

Relator contends that the medical reports of Drs. James and McCloud, having been submitted to the commission prior to relator's motion for permanent total disability, do not constitute evidence to support the commission's finding that relator was not permanently and totally disabled. Relator contends the two medical reports are too remote in time to adequately evaluate the deterioration of his physical condition. Relator states the reports were especially significant since the commission's finding and order stated it was based "* * * particularly on the medical reports of Drs. McCloud and James, * * *."

While the commission may consider the appropriateness and relevance of the time frame during which medical examinations are conducted, a time difference here of five to seven months between conflicting medical reports is insufficient to preclude the commission's consideration and reliance on the earlier reports without a demonstration that such time interval was crucial to the progress of relator's physical condition. The commission's finding and order further indicated that the commission relied upon "the evidence in the file and the evidence adduced at the hearing," in making its determination

here. Included in the file is an offer of employment to relator on May 5, 1982 from his employer. Relator did not accept the position which his employer referred to as "Service Manager" and which would have required relator to answer the telephone, record mechanics' labor time, and write work orders.

The commission must make its conclusions from all the evidence before it. Questions of credibility and weight to be given the evidence are clearly within the commission's discretionary powers of fact-finding. There being valid evidence here to support the finding and order of the commission denying permanent total disability there was no abuse of discretion and such order will not be disturbed.

Therefore, the writ prayed for is denied.

*Writ denied.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES and J. P. CELEBREZZE, JJ., concur.

C. BROWN, J., concurs in judgment only.