THE STATE, EX REL. WALKER, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO, APPELLEE, ET AL.

[Cite as State, ex rel. Walker, *v.* Indus. Comm. (1986), 21 Ohio St. 3d 28.]

(No. 85-379—Decided January 2, 1986.)

*Michael Shay,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, *Janet E. Jackson* and *Sheryl L. Creed,* for appellee.

*Per Curiam.* Preliminarily, we make two observations. First, for reason of our resolution herein, it is not necessary that we evaluate the determination by the court of appeals that the reports of Drs. Wise and Hardie, rendered at the request of the commission and favorable thereto, were improper for evidentiary consideration. Secondly, we agree with the appellant and court of appeals that the report of Dr. Knott, opining permanent total disability, while not taking into consideration the appellant's allowed bladder condition, is nonetheless proper for evidentiary consideration and not subject to the combined effect requirement of *State, ex rel. Anderson,* v. *Indus. Comm.* (1980), 62 Ohio St. 2d 166 [16 O.O.3d 199].

The question then is whether the commission was required to adopt the conclusion of permanent total disability rendered by Dr. Knott, inasmuch as the contrary conclusion rendered by Dr. Kackley did not take into account the appellant's bladder condition and hence does not constitute evidence under *Anderson* that appellant is not permanently and totally disabled.

Here, as in *State, ex rel. Teece,* v. *Indus. Comm.* (1981), 68 Ohio St. 2d 165, 169 [22 O.O.3d 400], "* * * there was a conflict in the objective findings of two orthopedic specialists * * *." As we observed in *Teece,* neither the holding in *Anderson* nor *State, ex rel. Wallace,* v. *Indus. Comm.* (1979), 57 Ohio St. 2d 55 [11 O.O.3d 216], "* * * require[s] the commission to accept the factual findings stated in a properly qualified medical report at face value and unquestioningly adopt them as those of the commission." Thus, as in *Teece,* while the report of Dr. Kackley is insufficient in itself to

support or deny permanent total disability, the factual findings therein are relevant and admissible to test the credibility and reliability of the report of Dr. Knott. Again, as noted in *Teece,* "[t]he determination of disputed factual situations is clearly within the jurisdiction of the commission *(State, ex rel. General Motors Corp.,* v. *Indus. Comm.* [1975], 42 Ohio St. 2d 278, 282-283 [71 O.O.2d 255]) * * *."

For the reason that appellant has failed to establish a clear legal right to a writ of mandamus compelling the commission to grant him permanent and total disability, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES and WRIGHT, JJ., concur.

C. BROWN and DOUGLAS, JJ., concur in judgment only.