THE STATE, EX REL. ELLIOTT, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO, APPELLEE, ET AL.

[Cite as State, ex rel. Elliott, *v.* Indus. Comm. (1986), 26 Ohio St. 3d 76.]

(No. 85-1430—Decided August 20, 1986.)

*Agee, Clymer & Morgan Co., L.P.A.,* and *Philip J. Fulton,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, *Janet E. Jackson* and *Merl H. Wayman,* for appellee.

*Per Curiam.* For the reasons to follow we affirm the denial of the writ of mandamus.

The extraordinary writ of mandamus may only issue if relator has demonstrated a clear legal right to the relief sought. *State, ex rel. Teece,* v. *Indus. Comm.* (1981), 68 Ohio St. 2d 165 [22 O.O.3d 400]. Such demonstration is predicated upon an abuse of discretion by the Industrial Commis-

sion which, in turn, may be established only if the record is devoid of some evidence to support the commission's order. *State, ex rel. Hutton,* v. *Indus. Comm.* (1972), 29 Ohio St. 2d 9, 13 [58 O.O.2d 66]; *State, ex rel. Teece, supra,* at 167.

Although Drs. Kackley, Braunlin and Steiman did not expressly consider appellant's age, education or work history in rendering their respective opinions, there is no requirement that they do so. In *State, ex rel. Adkins,* v. *Indus. Comm.* (1986), 24 Ohio St. 3d 180, 181-182, we stated:

"As to the evidence supporting the commission's finding and order, appellant argues that Dr. Kackley's admission in his answers to interrogatories that he did not consider the factors of age, education and work history in making his impairment evaluation is not evidence supporting a want of permanent and total disability because disability must be considered in context with those factors. The answer to this argument is that disability determination rests with the Industrial Commission. *State, ex rel. Dallas,* v. *Indus. Comm.* (1984), 11 Ohio St. 3d 193."

Evidence of appellant's age, education and work history, while potentially relevant to the question of disability, was clearly in the record before the commission.[1] While the ultimate disability opinion by the commission did not expressly indicate these factors were considered relevant, it need not have done so because the weight to be given such evidence is squarely within the commission's discretionary power of fact-finding. See *State, ex rel. Teece,* v. *Indus. Comm., supra,* at 169; *State, ex rel. Lunsford,* v. *Indus. Comm.* (1984), 11 Ohio St. 3d 137, 139. Similarly, the concern that Drs. Kackley, Braunlin, and Steiman did not consider claimant's age, education and work skills in their respective evaluations is not persuasive. While such factors may be considered, the medical reports of those doctors goes to the issue of impairment which is a concern separate and distinct from the issue of disability. See, generally, *State, ex rel. Meeks,* v. *Ohio Brass Co.* (1984), 10 Ohio St. 3d 147, 148.

To conclude, R.C. 4123.519 expressly indicates that this court may not act as an appellate body with respect to decisions by the commission concerning the extent of disability. Moreover, mandamus is not a substitute for an appeal nor can it be used to create an appeal in cases where appeal is not provided by law. *State, ex rel. Marshall,* v. *Keller* (1968), 15 Ohio St. 2d 203, 205 [44 O.O.2d 184]. Because the commission's decision was supported by some evidence, no basis for mandamus is extant and we are compelled to affirm the judgment of the court of appeals in denying the requested writ.

*Judgment affirmed.*

---

[1] It must be assumed, absent evidence to the contrary, that the commission acted in good faith and properly performed its function in reviewing the evidence before it. *State, ex rel. Gerspacher,* v. *Coffinberry* (1952), 157 Ohio St. 32 [47 O.O. 31], paragraph two of the syllabus. See, also, *State, ex rel. Shafer,* v. *Ohio Turnpike Comm.* (1953), 159 Ohio St. 581[50 O.O. 465].

LOCHER, HOLMES, DOUGLAS and WRIGHT, JJ., concur.

CELEBREZZE, C.J., SWEENEY and C. BROWN, JJ., dissent.

CLIFFORD F. BROWN, J., dissenting. Because I believe the Industrial Commission abused its discretion in denying appellant's application for permanent total disability benefits, I dissent.

As noted by the majority, appellant adduced evidence to demonstrate that he had worked for thirty years as a molder, and that he was fifty-four years old and illiterate, with a low level education and limited mental capacity. The vocational consultant's report concluded that these factors, combined with appellant's allowed injury, render him "unemployable." For the following reasons, I believe the commission abused its discretion by discounting this *uncontroverted* evidence without explanation and without having before it substantial, probative and reliable evidence to support its rejection of appellant's evidence.

The purpose of an award for permanent total disability is to compensate the claimant for loss of earning capacity. *State, ex rel. General Motors Corp., v. Indus. Comm.* (1975), 42 Ohio St. 2d 278, 282 [71 O.O.2d 255]; *State, ex rel. Jennings, v. Indus. Comm.* (1982), 1 Ohio St. 3d 101, 102. Permanent total disability is established when the work injury has rendered the claimant unfit for sustained remunerative employment. *Id.* at 102; *State, ex rel. Paragon, v. Indus. Comm.* (1983), 5 Ohio St. 3d 72, 76. Consequently, any determination regarding permanent total disability must address the claimant's ability to work. *State, ex rel. Hutt, v. Frick-Gallagher Mfg. Co.* (1984), 11 Ohio St. 3d 184, 185.

The phrase "ability to work" may in some cases mean more than simply the physical ability to perform a task for remuneration. Factors other than the degree of impairment resulting from the allowed condition may be relevant to a determination of a claimant's ability to work. Given the distinction the commission itself makes between impairment and disability,[2] it is evident that a determination of permanent total disability cannot always be made solely on the basis of medical evidence of impairment, since the claimant's ability to work cannot be ascertained on this basis alone in every case. See *State, ex rel. Chrysler, v. Indus. Comm.* (1984), 15 Ohio App. 3d 31. Where, as in the instant cause, the claimant adduces evidence showing limited mental capacity, low level education, illiteracy,

---

[2] The Medical Examination Manual issued by the commission in 1981 distinguishes impairment from disability, as follows:

" 'Impairment' is a medical term measuring the amount of the claimant's anatomical and/or mental loss of function as a result of the allowed injury/occupational disease. The examining physician evaluates impairment.

" 'Disability' is a legal term indicating the effect that the medical impairment has on the claimant's ability to work. Disability is determined by the Industrial Commission and its hearing officers." *Id.* at 1-2.

relatively advanced age, and a restricted work history, these factors necessarily affect any determination of his ability to work. The commission acts unreasonably when it relies solely on evidence which avowedly disregards these elements. In so doing, the commission makes a determination which is inherently suspect for being based entirely on evidence which is deficient and even misleading.

The instant cause is similar in this respect to *State, ex rel. Kokocinski,* v. *Indus. Comm.* (1984), 11 Ohio St. 3d 186. In that case, Dr. McCloud, an examining physician, commented in his report on the claimant's lack of education and job skills and opined that she would find it difficult to find work other than that which she was doing prior to her injury, *i.e.,* unskilled manual labor. Dr. McCloud also reported that the claimant's loss of strength and range of motion would limit " 'any activity wherein the hand is required to be positioned in front of oneself during any activity.' " *Id.* at 189. This court stated that "[i]n spite of Dr. McCloud's conclusion to the contrary, these findings demonstrate that * * * [claimant's] disability has effectively prevented her from returning to her former position of employment. This court has consistently required that determinations of disability be based on a claimant's ability to return to the type of work for which he or she is qualified. * * *" *Id.* We concluded that the claimant's educational and vocational background "limit[s] her employment opportunities to those involving unskilled manual labor. Her injury effectively prevents her from performing those types of activities. There was no evidence upon which the commission could have determined otherwise. * * *" *Id.*

The same result is mandated in the cause *sub judice* for similar reasons. Four doctors examined appellant. All four agreed that appellant's injury would prevent him from returning to his former position as a molder. Three of these doctors conceded that they did not take into account appellant's age, education and work experience. The fourth physician, Dr. Jenkins, concluded that in view of the circumstances, appellant's disability was one hundred percent. The report of the vocational consultant concluded that appellant is unemployable due to the combination of his injury and his limited background and mental capacity.

Moreover, this court has held that the commission in its order "must specifically state which evidence and only that evidence which has been relied upon to reach * * * [its] conclusion, and a brief explanation stating why the claimant is or is not entitled to the benefits requested." *State, ex rel. Mitchell,* v. *Robbins & Myers, Inc.* (1983), 6 Ohio St. 3d 481, 483-484. In its order herein, the commission stated it relied upon the reports of Drs. Kackley, Braunlin and Steiman, none of which considered appellant's age, education or work history. Under the principles of *Mitchell,* this court should not assume that the commission itself considered evidence of these factors when its order does not so state. Even if we could make such an assumption, there is no evidence in this case to support the commission's finding that appellant is not permanently and totally disabled. Where

there is no reliable, probative and substantial evidence in the record to support the commission's finding that the claimant is not permanently and totally disabled, the order constitutes an abuse of discretion for which the claimant will be afforded relief in an action in mandamus. *State, ex rel. Thompson,* v. *Fenix & Scisson, Inc.* (1985), 19 Ohio St. 3d 76, syllabus.

I wish to emphasize that the foregoing analysis is not inconsistent with this court's recent holding in *State, ex rel. Adkins,* v. *Indus. Comm.* (1986), 24 Ohio St. 3d 180. In *Adkins,* we addressed the question of whether the Industrial Commission is required to rely on the report of a vocational consultant who concluded that, considering the claimant's experience, education and age, the claimant would not present the "best qualifications or least problems" for potential employment, and whether the commission is required to explain its reasons for not relying on this report. This court answered "no" on both counts. By contrast, my analysis as set forth herein would stand for a proposition that should the commission choose not to rely on evidence which considers the allowed injury *and* other relevant factors, it must cite in its order probative evidence which supports its finding and which considers all factors relevant to the particular claim.

I would further note that the analysis I propose today requires nothing more of the Industrial Commission than that it perform its job. As explained, the commission has the responsibility of determining "disability." In its determination, the commission is duty bound to consider all evidence relevant thereto, and to refrain from rejecting reliable evidence without justifiable cause. There is nothing in the record to show that appellant's demonstration that vocational factors militate against employability in his case is unreliable or legally deficient in any way. The commission in its order gave no indication whatsoever of the reason, if any, behind its rejection of this uncontroverted evidence. By my reasoning herein, I am merely stressing that the commission's discretion to determine disability carries with it a responsibility to make such determination fairly, considering all relevant evidence. When the commission abdicates that responsibility, it has abused its discretion.

Accordingly, I would hold that where the injured claimant alleging permanent total disability adduces evidence establishing limited mental capacity, low level education, illiteracy, relatively advanced age, restricted work experience, or other similar factors, this evidence is relevant to a determination of the claimant's ability to work. If the commission chooses not to rely on such evidence and finds that the claimant is not permanently and totally disabled, the commission must cite in its order probative evidence which supports its findings and which considers all factors relevant to the particular claim.

Some further observations must be made. The majority opinion clearly misunderstands the purpose of R.C. 4123.519 when it characterizes that statute as "expressly indicat[ing] that this court may not act as an appellate body with respect to decisions by the commission concerning the

extent of disability." R.C. 4123.519 governs *only* appeals from the commission to the court of common pleas on questions of the claimant's right to participate in the Workers' Compensation Fund. *The instant action is not such an appeal.* This is an original action in mandamus originating in the court of appeals. *R.C. 4123.519 does not apply to mandamus actions.* How, then, can it "expressly indicate" this court's duty in such cases?

The majority next states that "mandamus is not a substitute for an appeal nor can it be used to create an appeal in cases where appeal is not provided by law." This statement is very strange indeed. It appears to hold that an original action in mandamus, filed in a court of appeals or in this court, is not an appropriate remedy to test the legal validity of an order of the commission regarding extent of disability, including the factual basis therefor. If the majority actually means to so hold, it is overruling *sub silentio* a virtually endless list of unbroken legal precedents from this court. Following is a merely random sample of countless cases wherein this court accepted an original action in mandamus, filed either in this court or in the court of appeals and appealed directly to this court as a matter of right pursuant to the Ohio Constitution,[3] involving the question of extent of disability: *State, ex rel. Williams,* v. *Indus. Comm.* (1984), 11 Ohio St. 3d 240; *State, ex rel. Brewer,* v. *Indus. Comm.* (1984), 12 Ohio St. 3d 23; *State, ex rel. Walker,* v. *Indus. Comm.* (1986), 21 Ohio St. 3d 28; *State, ex rel. Nye,* v. *Indus. Comm.* (1986), 22 Ohio St. 3d 75; *State, ex rel. Hughes,* v. *Goodyear Tire & Rubber Co.* (1986), 26 Ohio St. 3d 71, decided this day.

The majority's citation for the foregoing quote, *State, ex rel. Marshall,* v. *Keller* (1968), 15 Ohio St. 2d 203 [44 O.O.2d 184], simply is not persuasive. In *Marshall,* this court held, in essence, that a question which is not itself appealable cannot be the subject of an action in mandamus. However, subsequent decisions of this court lead to the inescapable conclusion that *Marshall* is no longer good law. In *State, ex rel. General Motors Corp.,* v. *Indus. Comm.* (1975), 42 Ohio St. 2d 278 [71 O.O.2d 255], this court held that *where an appeal is unavailable,* as in the case of an Industrial Commission order regarding the extent of disability, *"mandamus is proper* to test the commission's exercise of its discretion." (Emphasis added). *Id.* at 280. The basis for this principle is that where a claimant has no avenue of appeal, he is without an adequate remedy at law and mandamus becomes appropriate. See *State, ex rel. Shewalter,* v. *Indus. Comm.* (1969), 19 Ohio St. 2d 12, 15 [48 O.O.2d 7], citing *State, ex rel. Pressley,* v. *Indus. Comm.* (1967), 11 Ohio St. 2d 141 [40 O.O.2d 141]. This court and the courts of appeals have original jurisdiction over mandamus actions

---

[3] Section 2(B)(1), Article IV of the Ohio Constitution provides:

"The supreme court shall have original jurisdiction in the following:

"* * *

"(b) Mandamus * * *."

seeking to compel a public agency to perform a clear legal duty where there is no plain and adequate remedy at law. *State, ex rel. Pressley, supra,* at paragraph one of the syllabus; Sections 2(B)(1)(b) and 3(B)(1)(b) of the Ohio Constitution. To state as the majority does that appellant is using mandamus as a "substitute for an appeal" or to "create an appeal in cases where appeal is not provided by law" reveals a disturbing lack of familiarity with the fundamentals of the mandamus action, so essential to the functioning of our legal system.

The majority's facile and uninformed reasoning, and its determination to shield the commission from the bothersome task of doing its job, demonstrate once again the eagerness of certain members of this court to trample the rights of our work force "by hook or by crook." It is simply another example of their ongoing opposition to the ideal of equal justice for workers, and a signal of their continuing efforts to wrest Ohio law out of this century and hurl it back into the last.

CELEBREZZE, C.J., and SWEENEY, J., concur in the foregoing dissenting opinion.

