DECISION
{¶ 1} Relator, Allied Holdings, Inc., has filed an original action in mandamus requesting this court to issue a writ of mandamus ordering respondent, Industrial *Page 2 
Commission of Ohio, to vacate its order that denied relator's motion seeking a finding of fraud against respondent-claimant, Steven L. Meade, an Allied employee with an allowed claim for temporary total disability ("TTD") compensation.
 {¶ 2} This matter was referred to a court-appointed magistrate pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals. The magistrate has rendered a decision that includes findings of fact and conclusions of law. The magistrate recommends that this court deny relator's request for a writ of mandamus. (Attached as Appendix A.) The parties have filed no objections to the decision of the magistrate and the matter is now before this court for an independent review based upon the stipulated evidence and the magistrate's decision.
 {¶ 3} The parties have stipulated that Meade sustained a work-related injury while employed by Allied, and his claim was allowed for a strain or sprain of the right biceps. Meade was accordingly granted TTD benefits and his treating physician filed the appropriate forms certifying that Meade was disabled. Allied then undertook an investigation and video surveillance, which established that Meade, while receiving TTD, undertook gainful employment at his family-owned pizza shop and farm. The commission eventually granted Allied's motion to declare an overpayment for part of the period concerned.
 {¶ 4} After this finding, Allied filed a motion with the commission seeking a declaration of fraud, which was ultimately denied on the basis that the fact Meade had performed employment duties inconsistent with TTD compensation did not amount to an intent to misrepresent Meade's activity or conceal it, since Meade had continued his *Page 3 
self-employment with full knowledge of Allied's surveillance and after consulting his attorney.
 {¶ 5} The magistrate's decision establishes the elements of fraud in a workers' compensation case, and agrees with the commission that the evidence did not support a finding that Meade had intended to mislead Allied into relying upon a misrepresentation. In doing so, the magistrate rejected Allied's reliance on cases purporting to stand for the proposition that claimants may be found to have committed fraud based solely upon submission of C-84 forms certifying TTD compensation, because these forms contain language reminding claimants that they are not permitted to work while receiving TTD compensation. Meade submitted such forms in the present case. The magistrate noted, however, that the commission also considered Meade's testimony and found it credible to support a finding that Meade did not have the requisite intent necessary to commit fraud.
 {¶ 6} Because the magistrate has correctly noted that the commission will determine the credibility of witnesses and weight to be given the evidence, the commission does not abuse its discretion when it ascertains that certain testimony is credible and bases its conclusions thereon.
 {¶ 7} Upon examination of the decision and recommendation of the magistrate, and particularly the magistrate's conclusion with respect to the commission's role in determining the credibility and weight of evidence, after our independent review of the evidence, this court adopts the findings of fact and conclusions of law rendered by the *Page 4 
magistrate and adopts the magistrate's decision as our own, having determined there is no error of law or other defect on the face of the magistrate's decision.
 {¶ 8} Based upon our independent review, the decision of the magistrate is adopted by this court and relator's request for a writ of mandamus is denied.
Writ of mandamus denied.
BRYANT and KLATT, JJ., concur.
DESHLER, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution. *Page 5 
 APPENDIXA MAGISTRATE'S DECISION Rendered on April 30, 2007 {¶ 9} Relator, Allied Holdings, Inc., Allied Systems, Ltd., has filed this original action requesting that this court issue a writ of mandamus ordering respondent *Page 6 
Industrial Commission of Ohio ("commission") to vacate its order which denied relator's motion seeking a finding of fraud against respondent Steven L. Meade ("claimant"), following the determination that claimant had been working while receiving temporary total disability ("TTD") compensation and finding an overpayment.
Findings of Fact: {¶ 10 } 1. In February 2003, claimant sustained a work-related injury and his claim was allowed for the following conditions: "sprain of right upper arm (NOS); sprain/strain right biceps."
 {¶ 11} 2. Relator paid claimant TTD compensation beginning February 3, 2003 through February 3, 2004, based upon C-84 forms signed by claimant and his treating physician David L. Condon, M.D. As of February 3, 2004, claimant's TTD compensation was terminated based upon a finding that he had reached maximum medical improvement ("MMI").
 {¶ 12} 3. While claimant was still receiving TTD compensation, relator hired Omega Insurance Services to conduct surveillance. In March 2004, relator filed a C-86 motion requesting that all the TTD compensation paid to claimant from February 3, 2003 through February 3, 2004 be declared overpaid based upon evidence submitted by relator that claimant was working in a self-employed capacity at a pizza shop called Ron's Pizza Enterprises, Inc. ("Ron's Pizza").
 {¶ 13} 4. In June 2004, a district hearing officer ("DHO") granted relator's motion in part. The DHO found an overpayment from May 13, 2003 (the date surveillance began) through February 3, 2004. The DHO found that claimant's activities were *Page 7 
directly related to generating income for Ron's Pizza and distinguished claimant's activity from the activities of the claimant in State ex rel.Ford Motor Co. v. Indus. Comm., 98 Ohio St.3d 20, 2002-Ohio-7038.
 {¶ 14} 5. Claimant appealed and the matter was heard before a staff hearing officer ("SHO") in September 2004, and resulted in an order affirming the prior DHO's order.
 {¶ 15} 6. Claimant's further appeal was refused by order of the commission.
 {¶ 16} 7. Thereafter, claimant filed a mandamus action in this court arguing that the commission had abused its discretion by finding that he was ineligible for TTD compensation in the absence of evidence showing that he earned wages or engaged in activities which were inconsistent with his claimed disability.
 {¶ 17} 8. In State ex rel. Meade v. Indus. Comm., Franklin App. No. 04AP-1184, 2005-Ohio-6206, this court upheld the decision of its magistrate and found that the commission did not abuse its discretion in finding an overpayment. Specifically, the court found that relator's activities, taking orders, preparing food, serving customers, working the cash register, and delivering pizzas, generated income for the business. Further, the court found that claimant's hands-on engagement in the activities that produced income for the business were distinguishable from the more passive, supervisory activities at issue in Ford Motor and State ex rel. Am. Std., Inc. v Boehler,99 Ohio St.3d 39, 2003-Ohio-2457.
 {¶ 18} 9. In March 2005, relator filed a motion with the commission alleging that claimant had committed fraud by committing gainful employment at Ron's Pizza and *Page 8 
asked the commission to declare fraud with regard to the entire period previously found to have been overpaid (from May 13, 2003 through February 3, 2004).
 {¶ 19} 10. Relator's motion was heard before a DHO on January 24, 2006. The DHO denied relator's request for two reasons: first, the DHO found that the commission did not have continuing jurisdiction to modify the final orders dated June 10 and September 9, 2004, by now making a finding of fraud in addition to the prior final finding of overpayment. Second, the DHO denied relator's request on the merits finding that relator did not establish the six elements necessary for a finding of fraud. Specifically, the DHO concluded that claimant did not represent or conceal the fact that he was working. The DHO noted that claimant sought the advice of counsel, claimant continued his activities in spite of the fact that he knew he was being watched and testified that he honestly believed he was not working. Further, the DHO noted that relator knew, at least by May 13, 2003, that claimant was working and yet relator continued to pay TTD compensation and never challenged claimant's C-84s. As such, the DHO found it hard to believe relator's claim that it "justifiably relied" on the C-84s to pay TTD compensation. Lastly, the DHO noted that relator had already been reimbursed for all the TTD compensation paid by the BWC. Relator could not establish an injury, and the BWC was not pursuing a finding of fraud for its reimbursement.
 {¶ 20} 11. Relator appealed and the matter was heard before an SHO on April 6, 2006. The SHO modified the prior DHO's order by finding that relator was not barred jurisdictionally from pursuing a declaration of fraud at this time. With regard to whether *Page 9 
relator met its burden of proof in demonstrating that claimant had engaged in fraud, the SHO found that relator did not. Specifically, the SHO stated:
 * * * [T]he Staff Hearing Officer finds that the employer has not met its burden of proof, as delineated under Policy S2 of the Industrial Commission Hearing Officer Manual, with regard to the six specified elements necessary to support a finding of fraud. Specifically, the Staff Hearing Officer finds that the employer has not demonstrated that the claimant had the intent to mislead the employer into paying temporary total compensation to him either by making false representations or concealing material facts. The prior administrative orders, as upheld by the Tenth District Court of Appeals, established that the claimant's work activities for Ron's Pizza, an entity for which the claimant is president and statutory agent, generated income for the business and thereby precluded him from receiving temporary total compensation for the period from 05/13/2003 through 02/03/2004. However, the finding that the claimant performed activities inconsistent with the receipt of temporary total compensation does not equate to a finding that the claimant had the intent to misrepresent his activities or to conceal any fact.
 As indicated in the copies of the transcripts on file, the claimant testified at both the 06/10/2004 and 09/09/2004 overpayment hearings that at the time he performed the work activities for Ron's Pizza in 2003 and 2004 while he was receiving temporary total compensation, he did not think he was doing anything improper because he was not being paid wages for the activity. He also testified at those hearings that he knew that agents of the employer were conducting surveillance of him at Ron's Pizza, including videotaping him. The transcripts of the overpayment hearings further indicate that the claimant discussed his activities at Ron's Pizza with his former legal representative as to whether his receipt of temporary total compensation was improper under the circumstances. In addition, the 11/04/2003 report from Dr. Condon, the physician who completed C-84 reports certifying temporary total disability over the period of the declared overpayment, indicated that his review of the employer's surveillance material did not *Page 10 
alter his opinion that the claimant was temporarily and totally disabled during the time period at issue.
 The Staff Hearing Officer is not persuaded that the claimant misrepresented the nature of his work activity for Ron's Pizza or concealed facts regarding it with the intent of misleading the employer into awarding temporary total compensation benefits to him. The Staff [H]earing Officer finds that an individual who continues in a course of conduct when he knows that he is the subject of surveillance and who makes inquiries with his legal representative about the propriety of his activity at the time he becomes aware that his activity is being questioned cannot reasonably be deemed to have the intent to mislead another party or to conceal facts from it. Anticipating one of these points, the employer at hearing filed case law supporting the proposition that seeking and following the advice of counsel does not insulate a party from liability arising from the party's course of action. The Staff Hearing Officer accepts that proposition, finding that the fact that the Tenth District Court of Appeals upheld the overpayment declaration in this claim demonstrates that the claimant was not insulated from liability for his actions. However, the crucial element of a case for fraud in the receipt of workers' compensation benefits is intent, as [sic] issue not addressed by the prior overpayment orders or by the court of appeals. The Staff Hearing Officer finds that the claimant's course of action does not support a finding that he had the intent to mislead the employer or to conceal facts. Therefore, the Staff Hearing Officer finds that the employer has not met the burden of demonstrating that the claimant committed fraud with regard to his receipt of temporary total compensation benefits for the period of 05/13/2003 through 02/03/2004. Accordingly, the employer's motion, filed 03/03/2005, is denied.
 {¶ 21} 12. Relator's appeal and request for reconsideration were both denied by the commission.
 {¶ 22} 13. Thereafter, relator filed the instant mandamus action in this court. *Page 11 
Conclusions of Law: {¶ 23} Relator contends that the commission abused its discretion by finding that claimant did not engage in fraud. Relator contends that claimant's action of signing the C-84 forms declaring that he was not working in any capacity and his extensive work activities at Ron's Pizza mandate a finding of fraud. Further, relator contends that the commission abused its discretion by relying upon claimant's testimony that he did not believe that he was working since he was not paid wages, was aware of the surveillance, had consulted his legal counsel, and had discussed his activities with his physician.
 {¶ 24} In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, relator must show a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief. State ex rel. Pressley v. Indus. Comm.
(1967), 11 Ohio St.2d 141. A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order which is not supported by any evidence in the record. State ex rel. Elliott v. Indus. Comm. (1986), 26 Ohio St.3d 76. On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. State ex rel. Lewis v. Diamond FoundryCo. (1987), 29 Ohio St.3d 56. Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder. State ex rel. Teece v. Indus. Comm. (1981),68 Ohio St.2d 165. *Page 12 
 {¶ 25} In order to establish fraud, the following elements must be established: (1) a representation or, where there is a duty to disclose, concealment of fact; (2) which is material to the transaction at hand; (3) made falsely, with the knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred; (4) with the intent of misleading another into relying upon it; (5) justifiable reliance upon the representation or concealment; and (6) a resulting injury proximately caused by the reliance. See Industrial Commission Policy S2 and Burr v. Stark Cty. Bd.of Commrs. (1986), 23 Ohio St.3d 69.
 {¶ 26} Relator's arguments are interrelated and will be addressed together. In essence, relator contends that the commission abused its discretion when it determined that claimant had not committed fraud. Relator cites to various cases including State ex rel. Ellis v. Indus.Comm. (2001), 92 Ohio St.3d 508; State ex rel. Cassano v. Indus.Comm., Franklin App. No. 03AP-1227, 2005-Ohio-68; State ex rel. Handy v.Conrad, Franklin App. No. 01AP-603, 2002-Ohio-2391; and State ex rel.Campbell v. Indus. Comm., Franklin App. No. 02AP-1253, 2003-Ohio-4824. In each of those cases, the commission found that the claimants had committed fraud and based that determination, in part, upon the simple fact that the claimants had all signed the C-84s which contained language reminding the claimants that they are not permitted to work while receiving TTD compensation. In the present case, claimant had signed his C-84s declaring that he understood that he was not permitted to work while receiving TTD compensation. Relator contends that this fact, coupled with this court's statements in its decision indicating that claimant's work activities were "extensive," mandates that the *Page 13 
commission find that claimant committed fraud. Further, relator contends that the commission has now established a precedent whereby, in the future, all a claimant needs to testify to at the hearing is that the claimant did not understand that their activities constituted work because they were not being paid wages. For the reasons that follow, this magistrate disagrees.
 {¶ 27} In the present case, the commission considered claimant's testimony and found it to be credible. Based upon that testimony, the commission concluded that claimant did not have the requisite intent necessary to commit fraud. As stated previously, the commission determines credibility and weighs the evidence. It is not an abuse of discretion to determine that certain testimony is credible. It would not be appropriate for this court to review claimant's testimony and determine whether or not this court finds his testimony was credible. Instead, this court looks to see whether there is "some evidence" in the record upon which the commission relied and which the commission cited in its decision. In the present case, the commission has provided its explanation and cited the evidence upon which it relied. Contrary to relator's arguments, the commission has not changed the standard of proof in fraud cases and has not provided all claimants with a guaranteed excuse in the future to avoid a finding of fraud. Simply put, the commission was entitled to find claimant's testimony credible and it constituted "some evidence" upon which the commission could rely. As such, the magistrate finds that relator has not demonstrated that the commission abused its discretion. *Page 14 
 {¶ 28} Furthermore, relator's concern that all claimants will now be able to avoid a finding of fraud by simply testifying appropriately at the hearing is unwarranted. In every hearing, the commission takes evidence and determines whether or not witnesses are credible. Until now, the commission has not found a claimant's testimony on this issue to be credible. The finding by the commission in this instance is not tantamount to a determination that all claimants can now avoid a finding of fraud through their testimony. The commission will determine their credibility and actions, as the commission did in the present case, and make a determination.
 {¶ 29} Based on the foregoing, it is this magistrate's conclusion that relator has not demonstrated that the commission abused its discretion by finding that claimant did not commit fraud and this court should deny relator's request for a writ of mandamus. *Page 1