[Cite as *State ex rel. Daffner v. Indus. Comm.*, 2018-Ohio-4029.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Sally Daffner, | : | |
| Relator, | : | |
| | : | No. 17AP-509 |
| v. | : | |
| | : | (REGULAR CALENDAR) |
| Industrial Commission of Ohio et al., | : | |
| Respondents. | : | |

D E C I S I O N

Rendered on October 4, 2018

**On brief:** *Nager, Romaine & Schneiberg Co., LPA, Jerald A. Schneiberg*, and *C. Bradley Howenstein*, for relator.

**On brief:** *Michael DeWine*, Attorney General, and *Eric J. Tarbox*, for respondent Industrial Commission of Ohio.

**On brief:** *Matty, Henrikson & Greve*, and *Jesse P. Kanner*, for respondent Giant Eagle, Inc.

IN MANDAMUS
ON OBJECTION TO THE MAGISTRATE'S DECISION

SADLER, J.

{¶ 1} Relator, Sally Daffner, brings this original action seeking a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its June 30, 2016 order denying relator's motion for temporary total disability ("TTD") and to issue an order granting compensation.

{¶ 2} In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, relator must show a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief. *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141 (1967). A clear legal right to a writ of

mandamus exists where the relator shows that the commission abused its discretion by entering an order which is not supported by any evidence in the record. *State ex rel. Elliott v. Indus. Comm.*, 26 Ohio St.3d 76 (1986).

{¶ 3} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, we referred this matter to a magistrate who rendered a decision and recommendation that includes findings of fact and conclusions of law, which is appended hereto. Therein, the magistrate concluded the commission abused its discretion when its staff hearing officer ("SHO") issued an order on June 30, 2016 denying relator's TTD application. The magistrate concluded the SHO order of June 30, 2016 contained the following flaws:

> 1. Reliance on the December 3, 2015 office note of Timothy Ko, M.D., which predated the commission's allowance for the condition of "failed back syndrome, lumbar";
>
> 2. Mistakenly finding that relator did not present evidence to support a finding that the newly allowed condition "failed back syndrome, lumbar" independently caused TTD; and
>
> 3. Mistakenly finding that relator failed to submit medical evidence to support a finding that "failed back syndrome, lumbar" independently caused TTD from June 18 to June 30, 2016.[1]

{¶ 4} Accordingly, the magistrate recommended that we issue a writ of mandamus ordering the commission to vacate both its June 30 and November 8, 2016 orders denying TTD and issue a new order consistent with the magistrate's analysis. Respondent submitted a single objection to the magistrate's decision as follows:

> The Magistrate erred in finding that a writ should be granted ordering the commission to vacate the November 8, 2016 order of its SHO that states reliance on the June 30, 2016, order [] of the SHO, and enter a new order consistent with the analysis provided in the Magistrate's decision.

(Respondent Giant Eagle's Obj. to Mag.'s Decision at 7.)

---

[1] On June 27, 2016, Timothy Moore, D.C., completed a Medco-14 Physician's Report of Work Ability form wherein he wrote "Failed Back Syndrome, Lumbar" prevents a "full duty release to the job injured worker held on the date of injury." (Mag.'s Decision at ¶ 39.) Dr. Moore indicated June 18, 2016 as the date when relator could not do the job held on the date of injury.

{¶ 5}   Respondent first contends that the record contains some evidence to support the denial of TTD benefits given the documented medical evidence establishing that the allowed conditions in the claim have reached maximum medical improvement ("MMI"), including the more recently allowed conditions of "substantial aggravation of pre-existing intervertebral disc degeneration L4-5" and "right L5 radiculopathy."  (Mag.'s Decision at ¶ 14, 19.)  As the magistrate concluded, however, the SHO's June 30, 2016 order relies on the June 6, 2016 report from Dean W. Erickson, M.D., which is silent on the question of whether relator's newly allowed "failed back syndrome, lumbar" has reached MMI.  Dr. Ko's December 5, 2015 report also contains no such opinion inasmuch as the condition of "failed back syndrome, lumbar" was not yet allowed at the time Dr. Ko issued his report.  Additionally, we note the June 30, 2016 SHO order denying TTD makes no reference to Dr. Moore's June 27, 2016 Medco-14 Physician's Report of Work Ability, which supports a finding that "failed back syndrome, lumbar" is independently causing TTD from June 18, 2016, the date of the allowance, to June 30, 2016, the date of the SHO hearing.

{¶ 6}   We also note in the November 8, 2016 order denying TTD benefits, the SHO makes the following finding: "In support of * * * disability [beginning June 18, 2016], the Injured Worker presents with a 6/27/2016 MEDCO-14 Physician's Report of Work Ability form that is not on file but is timed stamped with the appropriate BWC repository notation.  Therefore, *there is evidence in the form of a MEDCO-14 form that supports compensation.*"  (Emphasis added.)  (Mag.'s Decision at ¶ 45.)  Despite this finding, the SHO concluded that the previous findings made by the SHO in the June 30, 2016 order barred relator from receiving TTD benefits.

{¶ 7}   The magistrate's decision describes the flaw in the commission's orders as follows:

> At the June 30, 2016 hearing before the SHO, relator did present evidence indicating that the newly allowed condition "failed back syndrome, lumbar" is independently causing TTD.  As relator points out in her brief, the June 27, 2016 Medco-14 from Dr. Moore provides a medical opinion that the "failed back syndrome, lumbar" is independently causing TTD.  (Relator's Brief at 13.)  As earlier noted, the June 27, 2016 Medco-14 states that since June 18, 2016, relator has

> been unable to perform the job held on the date of her injury. Albeit, the June 27, 2016 Medco-14 provides evidence for only a 12-day period prior to the June 30, 2016 hearing date. Nevertheless, relator did submit medical evidence that the "failed back syndrome, lumbar" is independently causing TTD during part of the time period at issue before the SHO.

(Mag.'s Decision at ¶ 54.)

{¶ 8} The magistrate concluded that the medical evidence in the record did not support the SHO's June 30, 2016 order denying TTD. We agree with the magistrate.

{¶ 9} Respondent also complains that the magistrate's decision "does not discuss the November 8, 2016 order and whether or not there was an abuse of discretion to warrant an order for a writ." (Respondent Giant Eagle's Obj. to Mag.'s Decision at 8.) In response, we note relator's complaint in mandamus speaks primarily to the flawed SHO order of June 30, 2016. Moreover, the magistrate expressly recommended that we also issue an order vacating the commission's November 8, 2016 order because it "states reliance on the June 30, 2016 order." (Mag.'s Decision at ¶ 55.) Thus, the magistrate concluded the November 8, 2016 order denying TTD benefits constituted an abuse of discretion because it expressly relied on the fatally flawed June 30, 2016 order denying TTD.

{¶ 10} We agree with the magistrate's analysis of the relevant issues, and for the reasons set forth in the magistrate's decision and those additional reasons expressed herein, we overrule relator's objection.

{¶ 11} Following an independent review of the magistrate's decision and the objections filed by respondent, we find the magistrate has determined the pertinent facts and properly applied the relevant law. Accordingly, we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein. For the reasons set forth in the magistrate's decision and those expressed herein, relator's objection is overruled, and the writ of mandamus is denied.

*Objection overruled;*
*writ of mandamus denied.*

BROWN, P.J., and KLATT, J., concur
_____

# A P P E N D I X

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The State ex rel. Sally Daffner, | : | |
| Relator, | : | |
| v. | : | No. 17AP-509 |
| Industrial Commission of Ohio et al., | : | (REGULAR CALENDAR) |
| Respondents. | : | |

## M A G I S T R A T E ' S   D E C I S I O N
### Rendered on May 9, 2018

*Nager, Romaine & Schneiberg Co., LPA, Jerald A. Schneiberg,* and *C. Bradley Howenstein,* for relator.

*Michael DeWine,* Attorney General, and *Eric J. Tarbox,* for respondent Industrial Commission of Ohio.

*Matty, Henrikson, & Greve, LLC, Kirk R. Henrikson,* and *Jesse P. Kanner,* for respondent Giant Eagle, Inc.

### IN MANDAMUS

{¶ 12} In this original action, relator, Sally Daffner, requests a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate the June 30, 2016 order of its staff hearing officer ("SHO") that denies relator's February 24, 2016 motion for temporary total disability ("TTD") compensation beginning August 25, 2015, and to enter an order granting the compensation.

Findings of Fact:

{¶ 13} 1. On September 18, 2011, relator sustained an industrial injury while employed at a grocery store operated by respondent Giant Eagle, Inc., a self-insured

employer under Ohio's workers' compensation laws.  On that date, relator tripped over a pallet and fell onto her left side.

{¶ 14} 2.  The industrial claim (No. 11-870268) was initially allowed for:

> Left knee sprain; left ankle sprain; lumbar sprain; contusion left forearm; contusion left lower leg; substantial aggravation of pre-existing intervertebral disc degeneration L4-5, L5-S1.

{¶ 15} 3. On August 25, 2015, relator completed a form provided by the Ohio Bureau of Workers' Compensation ("bureau") captioned "Request for Temporary Total Compensation." The form is designated as a C-84.  On the C-84, relator indicated that August 24, 2015 was the last date she worked at Giant Eagle.

{¶ 16} 4. Relator's August 25, 2015 C-84 prompted the employer to request an examination of relator by Dean W. Erickson, M.D.  In his report dated October 12, 2015, Dr. Erickson opined that the industrial injury had reached maximum medical improvement ("MMI").  Dr. Erickson also issued an addendum on December 2, 2015.

{¶ 17} 5.  Following a November 4, 2015 hearing, a district hearing officer ("DHO") issued an order denying relator's C-84 request for TTD compensation.  Citing the October 12, 2015 report of Dr. Erickson, the DHO found that the industrial injury had reached MMI.

{¶ 18} 6.  Relator administratively appealed the DHO's order of November 4, 2015.

{¶ 19} 7. Following a December 30, 2015 hearing, an SHO issued an order affirming the DHO's order of November 4, 2015.  Citing the October 12 and December 2, 2015 reports of Dr. Erickson, the SHO determined that the industrial injury had reached MMI.  Accordingly, TTD compensation was denied for the period beginning August 25, 2015 through the hearing date of December 30, 2015.

{¶ 20} 8. Earlier, on November 25, 2015, relator moved for an additional allowance in the claim.

{¶ 21} 9.  Following a January 7, 2016 hearing, a DHO issued an order additionally allowing the claim for "right L5 radiculopathy."

{¶ 22} 10. The January 7, 2016 order of the DHO was not administratively appealed.

{¶ 23} 11. On February 24, 2016, relator moved for TTD compensation beginning August 25, 2015. In support, relator identified Medco-14 forms, C-84 forms, office notes, and reports from chiropractor Timothy Moore, D.C.

{¶ 24} 12. On March 2, 2016, at the request of Giant Eagle, Dr. Erickson issued a three-page narrative report based on his additional review of medical records.  In the first paragraph of his report, Dr. Erickson indicates that the industrial claim has been additionally allowed for "L5 radiculopathy."  In his March 2, 2016 report, Dr. Erickson opines:  "It remains my opinion, to a reasonable degree of medical probability and certainty, that Ms. Daffner has reached maximum medical improvement."

{¶ 25} 13. Earlier, on December 3, 2015, attending physician Timothy Ko, M.D., wrote in his "Progress Notes:"

> Clinical Notes: Injured worker returns today with continued low back pain. Patient is not interested in pursuing implantable pain devices which is within her rights. Patient is done [with] physical therapy. She would benefit from weight loss and continued physical therapy. I would recommend adding gabapentin to her regimen for her back pain and leg pain. Injection treatments have not given her long-term relief. I can assist with medication management. I'm not sure there is much else I can do for her. She'll follow-up with me in 2-3 months for medication evaluation.

{¶ 26} 14. Following a May 23, 2016 hearing, a DHO issued an order denying relator's February 24, 2016 motion for TTD compensation beginning August 25, 2015. The DHO explained:

> The District Hearing Officer denies temporary total disability benefits for the period from 08/25/2015 through 5/23/2016, the date of today's hearing.
>
> In so ruling the District Hearing Officer finds that there is insufficient evidence on file to establish that new and changed circumstances exist to warrant a resumption of said benefits.
>
> In so ruling the District Hearing Officer relies on the 12/31/2015 and 03/02/2016 reports of Dean Erickson, M.D.
>
> The District Hearing Officer further finds that based on the 03/02/2016 report of Dr. Erickson as well as the 12/3/2015

office note of Timothy Ko, M.D., that the Injured Worker's presently allowed physical conditions in the claim have reached maximum medical improvement. Dr. Ko states in this office note that "I'm not sure that there is much else I can do for her."

{¶ 27} 15. Relator administratively appealed the DHO's order of May 23, 2016.

{¶ 28} 16. On May 24, 2016, relator moved for another additional allowance in the claim.

{¶ 29} 17. On June 18, 2016, the commission mailed an "Ex Parte Order" granting the requested additional claim allowance. The "Ex Parte Order" states:

> Pursuant to the letter from the Employer, filed 06/16/2016, the Employer has accepted the Injured Worker's C-86 Motion, filed 05/24/2016.
>
> The claim is additionally **ALLOWED** for **"FAILED BACK SYNDROME, LUMBAR."**

(Emphasis sic.)

{¶ 30} 18. Earlier, on June 6, 2016, Dr. Erickson wrote:

> The typical basis for requesting the additional allowance of failed back syndrome or postlaminectomy syndrome is to provide a diagnosis by which an individual would be considered an appropriate candidate for spinal cord stimulator. Whether or not Ms. Daffner agrees to going ahead with the spinal cord stimulator trial, the point is immaterial regarding the claim allowance. Ms. Daffner appears to not be interested in a spinal cord stimulator. Regardless of her decision, it would appear that the diagnosis and additional allowance of failed back syndrome, lumbar (i.e., postlaminectomy syndrome) appears to be appropriate.

{¶ 31} 19. On June 30, 2016, relator's appeal from the DHO's order of May 23, 2016 was heard by an SHO. Following the hearing, the SHO issued an order affirming the DHO's order of May 23, 2016. The SHO's order explains:

> It is the order of the Staff Hearing Officer that the Injured Worker's C-86 Motion, filed 02/24/2016, is denied.

> The request for payment of temporary total disability compensation for the period of 08/25/2015 through 05/23/2016 is denied. Temporary total for the period of 08/25/2015 through 12/30/2015 has previously been denied on the basis that the Injured Worker continued to be able to perform the modified duty position that she was performing as of 08/24/2015. The Injured Worker was found to have reached maximum medical improvement as of 11/04/2015. Since that time the claim has been additionally allowed for right L5 radiculopathy and failed back syndrome. In his 03/02/2016 report Dean Erickson, M.D. indicates that the radiculopathy would not prevent the Injured Worker from performing the modified duty position that was available to her and that she has reached maximum medical improvement with regard to the radiculopathy. The Hearing Officer finds that there is insufficient evidence to establish that the allowance of failed back syndrome has changed this situation. In his 12/03/2015 office note Timothy Ko, M.D. states that there is not much else he can do for the Injured Worker. The only treatment requests since that time are for caudal injections and participation in a chronic pain management program.

{¶ 32} 20. On July 26, 2016, another SHO mailed an order refusing relator's administrative appeal from the SHO's order of June 30, 2016.

{¶ 33} 21. The bureau provides a form captioned "Physician's Report of Work Ability." The form is designated by the bureau as a "Medco-14."

{¶ 34} 22. The record shows that Dr. Moore has completed many Medco-14 forms on behalf of relator.

{¶ 35} 23. The Medco-14 is a two-page form containing eight sections.

{¶ 36} At section 3(B), the physician is asked: "If there are restrictions, can the injured worker return to the full duties of his/her job held on the date of injury (former position of employment)?" Following that pre-printed query, the physician is asked to mark a box indicating a "yes" or "no" response.

{¶ 37} Also at section 3(B), the physician is asked: "**If no**, please indicate when the injured worker could not do the job held on the date of injury for this period of restricted duty." (Emphasis sic.) Aside this pre-printed query, the physician is asked to write a date.

{¶ 38} On the backside of the form, at section 4(A), the form provides instructions:

> Complete the chart below and furnish the narrative description of the diagnosis(es), site/location, if applicable * * *. Please indicate if the condition is preventing the injured worker from returning to job duties he/she held on the date of injury.

{¶ 39} 24. On June 27, 2016, Dr. Moore completed a Medco-14 on which he wrote "Failed Back Syndrome, Lumbar" in response to the instruction and query presented at section 4(A) of the form. Dr. Moore also marked a "yes" box indicating that the condition prevents a "full duty release to the job injured worker held on the date of injury." No other medical conditions were listed by Dr. Moore on the form.

{¶ 40} Also on the form at section 3(B), Dr. Moore wrote June 18, 2016 as the date when relator could not do the job held on the date of injury.

{¶ 41} 25. On September 14, 2016, Dr. Moore completed another Medco-14 on which he wrote "Failed Back Syndrome" as a condition preventing a return to the former job duties on the date of injury. Dr. Moore indicated that September 14, 2016 was the date that relator could not do the job held on the date of injury.

{¶ 42} 26. On December 19, 2016, a Dr. Copp completed a Medco-14 on which he wrote "Failed Back Syndrome" as a condition preventing a return to the former job duties on the date of injury.

{¶ 43} 27. Following a September 29, 2016 hearing, a DHO issued an order denying relator's further request for TTD compensation.

{¶ 44} 28. Relator administratively appealed the SHO's order of September 29, 2016.

{¶ 45} 29. Following a November 8, 2016 hearing, an SHO issued an order that vacates the DHO's order of September 29, 2016. The SHO's order of November 8, 2016 explains:

> Prior to a hearing on the merits, the Injured Worker's representative indicated the District Hearing Officer was incorrect regarding the period of temporary total disability adjudicated. The District Hearing Officer started with the 09/08/2016 date and denied compensation. Injured Worker's representative requested 06/18/2016 at the

District Hearing Officer hearing and renews it at today's hearing based on an informal order dated 6/18/16 which additionally allowed the claim for two new conditions: right L5 radiculopathy and failed back syndrome lumbar.

In support of this period of temporary total disability compensation, the Injured Worker presents with a 06/27/2016 MEDCO-14 Physician's Report of Work Ability form that is not on file but is timed stamped with the appropriate BWC repository notation. Therefore, there is evidence in the form of a MEDCO-14 form that supports compensation. This Staff Hearing Officer notes and relies on a 06/30/2016 Staff Hearing Officer order which recognized the newly allowed conditions of right L5 radiculopathy and failed back syndrome pursuant to the 06/18/2016 informal order and determined that there were not new and changed circumstances to warrant restarting temporary total disability compensation.

The Staff Hearing Officer finds that the issue is res judicata pursuant to the previous Staff Hearing Officer order which found that the additional allowances did not prevent the Injured Worker performing modified duty position that was available to her and that she had reached maximum medical improvement with regard to the new conditions as well as the previously allowed conditions. Furthermore, the Staff Hearing Officer finds the Injured Worker has not met her burden of proof of new and changed circumstances.

{¶ 46} 30. On December 6, 2016, another SHO mailed an order refusing relator's administrative appeal from the November 8, 2016 order of the SHO.

{¶ 47} 31. On July 17, 2017, relator, Sally Daffner, filed this mandamus action.

Conclusions of Law:

{¶ 48} By her February 24, 2016 motion for TTD compensation beginning August 25, 2015, relator undertook the burden of showing that one or both of the newly allowed conditions of the claim, i.e., "right L5 radiculopathy" or "failed back syndrome, lumbar" presented new and changed circumstances with respect to the commission's prior finding that the allowed conditions of the industrial claim had reached MMI. Relator also undertook the burden of presenting medical evidence that one or both of the newly allowed conditions of the claim independently caused TTD during the period of the

new request for TTD compensation following the commission's prior MMI determination. *State ex rel. RMS of Ohio, Inc. v. Indus. Comm.,* 10th Dist. No. 05AP-566, 2006-Ohio-1477. That is, relator cannot rely on any of the allowed conditions that have been previously found to be at MMI. *Id.*

{¶ 49} Clearly, the March 2, 2016 report of Dr. Erickson on which the SHO's order of June 30, 2016 relies is some evidence that the newly allowed condition "right L5 radiculopathy" has also reached MMI and is thus no basis for reinstating eligibility for TTD compensation. Relator does not seriously argue to the contrary.

{¶ 50} However, Dr. Erickson's March 2, 2016 report on which the SHO's order relies does not address the newly allowed condition "failed back syndrome, lumbar." As earlier indicated in the first paragraph of his March 2, 2016 report, Dr. Erickson lists the allowed conditions of the claim which at that time included the "L5 radiculopathy" but did not include "failed back syndrome."

{¶ 51} Parenthetically, it can be noted that Dr. Erickson did address the "failed back syndrome, lumbar" in his June 6, 2016 report, but the SHO's order does not state reliance on Dr. Erickson's June 6, 2016 report. Moreover, Dr. Erickson did not opine in his June 6, 2016 report that the "failed back syndrome, lumbar" was at MMI. Rather, Dr. Erickson opined that an allowance for a "failed back syndrome, lumbar" "appears to be appropriate."

{¶ 52} Apparently, realizing that he did not have a report from Dr. Erickson at the June 30, 2016 hearing with an opinion as to whether the "failed back syndrome, lumbar" was at MMI, the SHO referred back to the December 3, 2015 office note of Dr. Ko who stated "I'm not sure there is much else I can do for her." Clearly, as relator argues here, the December 3, 2015 office note of Dr. Ko fails to provide some evidence supporting a finding that the "failed back syndrome, lumbar" is not at MMI.

{¶ 53} Reliance on the December 3, 2015 office note of Dr. Ko by the SHO's order of June 30, 2016 is an abuse of discretion. Given that Dr. Ko's office note predates the newly allowed condition of "failed back syndrome, lumbar" by some six months (December 3, 2015 to June 18, 2016) one would not expect an opinion from Dr. Ko in his December 3, 2015 office note that addresses the additional claim allowance of June 18, 2016. Moreover, nowhere in his December 3, 2015 office note is there a listing of the

allowed conditions of the claim. Clearly, neither the commission nor its SHO have the authority to rewrite Dr. Ko's office note in order to obtain a medical opinion that addresses whether the newly allowed condition is at MMI.

{¶ 54} At the June 30, 2016 hearing before the SHO, relator did present evidence indicating that the newly allowed condition "failed back syndrome, lumbar" is independently causing TTD. As relator points out in her brief, the June 27, 2016 Medco-14 from Dr. Moore provides a medical opinion that the "failed back syndrome, lumbar" is independently causing TTD. (Relator's Brief at 13.) As earlier noted, the June 27, 2016 Medco-14 states that since June 18, 2016, relator has been unable to perform the job held on the date of her injury. Albeit, the June 27, 2016 Medco-14 provides evidence for only a 12-day period prior to the June 30, 2016 hearing date. Nevertheless, relator did submit medical evidence that the "failed back syndrome, lumbar" is independently causing TTD during part of the time period at issue before the SHO.

{¶ 55} Given the above analysis, it is the magistrate's decision that this court issue a writ of mandamus ordering the commission to vacate the June 30, 2016 order of its SHO and to enter a new order consistent with the analysis provided in this magistrate's decision. It is further the magistrate's decision that the writ order the commission to vacate the November 8, 2016 order of its SHO that states reliance on the June 30, 2016 order of the SHO, and to enter an order consistent with the analysis provided in this magistrate's decision.

/S/ MAGISTRATE
KENNETH W. MACKE

### NOTICE TO THE PARTIES

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).