DECISION
{¶ 1} Relator, Western Reserve Wire Products, filed this original action, which requests a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order awarding permanent partial disability ("PPD") *Page 2 
compensation to respondent Margareta Mozes ("claimant") because the award was based in part on non-allowed conditions.
 {¶ 2} This court referred this matter to a magistrate pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals. The magistrate issued a decision, including findings of fact and conclusions of law, recommending that this court deny the requested writ. (Attached as Appendix A.) Specifically, the magistrate rejected claimant's contention that the reports of Howard A. Pinsky, D.O., and Charles Shin, M.D., were not some evidence upon which the commission could rely because the reports were based, in part, on the non-allowed condition of carpal tunnel syndrome.
 {¶ 3} No party has objected to the magistrate's findings of fact, and we adopt them as our own. Relator has filed objections to the magistrate's legal conclusions, as follows.
 {¶ 4} First, relator argues that Dr. Shin's report identified "post traumatic left [carpal tunnel syndrome]" as an allowed condition and based his 16 percent whole person impairment, in part, on that condition. However, we agree with the magistrate's assessment that Dr. Shin provided separate impairment calculations for each condition, i.e., 12 percent for the non-allowed carpal tunnel syndrome and four percent for the allowed "Colles Fracture Closed-Left." Thus, Dr. Shin's report could serve as some evidence to support the commission's finding of a seven percent impairment. And we agree with the magistrate's conclusions that Dr. Pinsky's report contains no indication that he considered a non-allowed condition and that it, too, supported the commission's order. Therefore, we overrule relator's objections in these respects. *Page 3 
 {¶ 5} Second, relator argues that the commission improperly relied on non-medical factors identified in Dr. Pinsky's report. We conclude, however, that Dr. Pinsky's recitation of claimant's "CURRENT COMPLAINTS" did not invalidate Dr. Pinsky's impairment determination. Rather, Dr. Pinsky considered claimant's limitations upon her daily activities as indicators of the pain claimant was experiencing. Based on this pain level, Dr. Pinsky allowed an additional three percent impairment. The commission did not abuse its discretion by relying upon Dr. Pinsky's medical observations and conclusions. Therefore, we overrule relator's objections in this respect.
 {¶ 6} Having conducted an independent review of the stipulated evidence in this case, and finding no error of law or other defect on the face of the magistrate's decision, this court adopts the magistrate's decision as our own, including the findings of fact and conclusions of law contained in it. In accordance with the magistrate's decision, the requested writ is denied.
Objections overruled, writ of mandamus denied.
 BROWN and DESHLER, JJ., concur. DESHLER, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution. *Page 4 
 APPENDIX A MAGISTRATE'S DECISION Rendered on September 27, 2007 IN MANDAMUS {¶ 7} Relator, Western Reserve Wire Products, has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order awarding permanent partial *Page 5 
disability ("PPD") compensation to respondent Margareta Mozes ("claimant") because the award was based in part on nonallowed conditions. Findings of Fact:
 {¶ 8} 1. Claimant sustained a work-related injury on August 26, 2003, and her claim was originally allowed for "left [wrist] colles' fracture closed." Claimant had surgery consisting of an open reduction and internal fixation with innovative plate and screws on September 2, 2003.
 {¶ 9} 2. According to the office notes of her treating physician, Richard R. Masin, D.O., claimant's wrist was much improved as of October 30, 2003. At that time, he indicated that claimant could return to work with restrictions which included no lifting, pushing or pulling greater than five pounds for the next month. Because claimant indicated that she had numbness, tingling, and weakness in her left wrist and hand, Dr. Masin opined that she may have post-traumatic carpal tunnel syndrome ("CTS") and he requested a nerve conduction test which was approved by relator. According to Dr. Masin's February 2004 office note, that test was positive for CTS.
 {¶ 10} 3. Claimant was seen by Howard A. Pinsky, D.O., in September 2005. In his report, Dr. Pinsky noted that claimant had numbness in her fingers, shooting pain with constant use and moderate pain on a frequent basis. Dr. Pinsky provided his range-of-motion findings and then concluded that claimant had an eight percent upper extremity ("UE") impairment which corresponded to a five percent whole person ("WP") impairment. Dr. Pinsky further indicated that an additional three percent impairment should be added due to claimant's pain. As such, he assessed an eight percent WP impairment. *Page 6 
 {¶ 11} Thereafter, Charles Shin, M.D., noted his range-of-motion findings and corresponding impairments. Dr. Shin opined that claimant had a six percent UE impairment which corresponded to a four percent WP impairment. However, because claimant exhibited CTS symptoms, Dr. Shin added an additional 12 percent impairment and ultimately opined that claimant had a 16 percent WP impairment.
 {¶ 12} 4. The record also contains the October 20, 2005 report of Dr. Shin, M.D., who listed the allowed conditions as "Colles Fracture Closed-Left, post traumatic left CTS."
 {¶ 13} 5. Claimant was also seen by Kimberly Togliatti-Trickett, M.D., in November 2005. In her report, Dr. Togliatti-Trickett specifically noted that claimant's claim was allowed for post-traumatic CTS bilaterally. In her report, Dr. Togliatti-Trickett noted her range-of-motion findings and ultimately assessed a one percent WP impairment. In conclusion, Dr. Togliatti-Trickett noted the reports of Drs. Pinsky and Shin and stated:
 As noted the disallowed conditions in this claim are CTS on the left and CTS bilaterally. Dr. Pinsky's report on September 14, 2005 shows more documentable limits in left wrist [range of motion], in comparison to my exam. The exam completed by Dr. Charles Shin includes the disallowed condition of CTS Left which can not be included in the permanent disability allowance. This would negate the 16% whole person impairment rating noted by Dr. Shin.
 {¶ 14} 6. On October 4, 2005, a district hearing officer ("DHO") heard the appeals of both claimant and relator from an order of the administrator of the Ohio Bureau of Workers' Compensation dated September 28, 2005. The issue concerned claimant's request for a PPD award. The DHO granted claimant a seven percent award based upon the reports of Drs. Pinsky, Shin and Togliatti-Trickett. *Page 7 
 {¶ 15} 7. Relator appealed and the matter was heard before a staff hearing officer ("SHO") on February 13, 2007. The SHO affirmed the prior DHO's order in all respects.
 {¶ 16} 8. Relator's request for reconsideration was refused by order of the commission mailed March 17, 2007.
 {¶ 17} 9. Thereafter, relator filed the instant mandamus action in this court.
Conclusions of Law: {¶ 18} In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, relator must show a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief. State ex rel. Pressley v. Indus. Comm.
(1967), 11 Ohio St.2d 141. A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order which is not supported by any evidence in the record. State ex rel. Elliott v. Indus. Comm. (1986), 26 Ohio St.3d 76. On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. State ex rel. Lewis v. Diamond FoundryCo. (1987), 29 Ohio St.3d 56. Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder. State ex rel. Teece v. Indus. Comm. (1981),68 Ohio St.2d 165.
 {¶ 19} In this mandamus action, relator asserts that the commission abused its discretion in granting a seven percent PPD award to claimant. Relator argues that the award was based, in part, on the nonallowed condition of post-traumatic CTS. Relator points out that all three doctors noted that claimant had certain symptoms which could *Page 8 
be attributable to CTS. As such, relator contends that none of the reports constitute some evidence upon which the commission could rely.
 {¶ 20} For the reasons that follow, the magistrate finds that relator is not entitled to a writ of mandamus.
 {¶ 21} As noted in the commission's order, the seven percent PPD award was based upon the reports of Drs. Pinsky, Shin and Togliatti-Trickett. As noted in the findings of fact, Dr. Pinsky listed only the allowed condition in his report. While Dr. Pinsky did note that claimant had numbness, a burning sensation, severe pain with constant use and moderate pain on a frequent basis, Dr. Pinsky never attributed any of those symptoms to CTS. Dr. Pinsky noted that claimant had surgery in September 2003 consisting of open reduction and internal fixation with innovative plate and screws. As such, some of claimant's decreased range of motion and pain could very well be attributed to the allowed condition and the surgery which followed. Nothing in Dr. Pinsky's report indicates that he attributed the eight percent WP impairment to anything other than the allowed conditions.
 {¶ 22} In his October 2005 report, Dr. Shin concluded that claimant had a four percent WP impairment without considering the fact that she displayed symptoms of CTS. In his report, Dr. Shin specifically noted percentages of impairment after each of his range-of-motion findings. Based upon his report, he attributed a four percent WP impairment for the allowed condition and a 12 percent WP impairment for claimant's symptoms of CTS. While his percentage of impairment for CTS could not properly be considered by the commission, his assessment of a four percent WP impairment based *Page 9 
solely upon the allowed conditions could properly be considered and relied upon by the commission.
 {¶ 23} In a November 2005 report, Dr. Togliatti-Trickett noted her range-of-motion findings and assessed a one percent WP impairment. She further noted that Dr. Shin's ultimate conclusion that claimant suffered from a 16 percent WP impairment was negated because he included 12 percent for CTS, a nonallowed condition.
 {¶ 24} The evidence before the commission to determine whether claimant should be granted a PPD award based solely on the allowed condition and what percentage that award should be, consisted of the following medical opinions: Dr. Pinsky, eight percent; Dr. Shin, four percent; and Dr. Togliatti-Trickett, one percent. Based upon that evidence, the commission ultimately granted an award of seven percent PPD which was proper based upon the aforementioned impairment findings.
 {¶ 25} Relator argues that the report of Dr. Shin cannot be considered at all and invalidates the entire commission order because he relied, in part, on nonallowed conditions to assess a 16 percent WP impairment. However, the commission is permitted to consider the report of a doctor and rely upon the findings in the report while rejecting the ultimate conclusion. In reviewing Dr. Shin's report, it is clear that he assessed a four percent WP impairment due solely to the allowed conditions. As such, the commission could properly rely upon that portion of his report and there is nothing in the record to indicate that the commission did anything but that. Further, even if the report of Dr. Shin was removed from evidentiary consideration, the seven percent PPD award given would not constitute an abuse of discretion. *Page 10 
 {¶ 26} Relator also contends that Dr. Pinsky's report cannot be relied upon because he added an additional three percent WP impairment due to pain. As noted previously, relator contends that this additional award for pain was based solely upon the nonallowed condition of CTS. However, as stated previously, this magistrate disagrees. There is nothing in Dr. Pinsky's report that would lead to the conclusion that some of claimant's pain was attributed to her allowed conditions. Dr. Pinsky's report reflected that he was aware of the allowed conditions and the magistrate finds that it was not an abuse of discretion for the commission to rely on his report.
 {¶ 27} Based on the foregoing, it is this magistrate's conclusion that relator has not demonstrated that the commission abused its discretion in granting a seven percent WP impairment award to claimant and this court should deny relator's request for a writ of mandamus. *Page 1